MICHAEL CUNNINGHAM *vs.* MERRIMAC PAPER COMPANY.

Essex.   December 14, 1894. — February 27, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Due Care — Negligence — Unsafe Appliance.*

In an action for personal injuries occasioned to an employee by the falling on him of a door set in grooves which he was lifting by main strength, it appeared that the plaintiff knew that the door was not in the condition in which it was intended to be used and that it wanted the appliance which would make it safe, and that if he had notified the defendant's carpenter it would have been put in proper condition, but he had not notified him and it was not the carpenter's duty to inspect the door of his own motion. *Held,* that the plaintiff was not entitled to demand, instead of repairs, such secondary precautions as would make it safe to use the door in an unnatural way, and that the action could not be maintained.

HOLMES, J.    This is an action for personal injuries. At the trial, the judge directed a verdict for the defendant, and the case is here on exceptions. The plaintiff, a day laborer in the defendant's employ, was hurt by the falling out upon him of a sliding door. This door moved up and down in grooves, and in its proper state was balanced by weights fastened to it by ropes running over pulleys, like a common window, but at the time of the accident the weights were off the ropes. The plaintiff testified that the door had been in this condition for a long time, and that if the weights had been on he would not have been hurt, which last is plain. If he had notified the defendant's carpenter, there was evidence that the weights would have been replaced; but he had not notified him, and it was not the carpenter's duty to inspect the door of his own motion. Having occasion to go through the door, the plaintiff lifted it by main strength, and, as he was reaching for a stick to hold it up, it fell upon him.

On these facts we are of opinion that, whether it be said that the plaintiff took the risk, or that he was negligent, the ruling was right. The plaintiff knew that the door was not in the condition in which it was intended to be used, and that it wanted the appliance which would have made it safe. No doubt there was evidence that the grooves were defective, and it may be assumed that they could have been made so that they would have held the door even without the ropes and weights. But the door was not made to be used in that way, and the defendant was not bound to look out for its being used in that way. The defendant's negligence, as a ground of liability, begins and ends with not having the weights on and the door in proper running condition. As the plaintiff understood as well as any one what the actual condition was, and probably might have had it mended, he was not entitled to demand, instead of repairs, such further and secondary precautions as would make it safe for him to go on and use the defective door in an unnatural way.

*Exceptions overruled.*

*C. A. DeCourcy & W. Coulson*, for the plaintiff.
*W. I. Badger*, for the defendant.