JAMES E. DUNNING *vs.* NEW YORK CENTRAL RAILROAD
COMPANY.

Suffolk.   January 20 1926. — March 1, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Assumption of risk, Contributory, Railroad.

In an action by an employee of the United States in the railway mail service against a railroad corporation, which, under contract with the Federal government, supplied mail cars "to be constructed, fitted up, and maintained by" the railroad company, for personal injuries alleged to have been caused by a defective door of a car, there was evidence that, after working in the car, the plaintiff left it for luncheon and closed the door and that he then knew that glass in the door was broken and that there were screws out of a plate which held in place one of the wheels upon which the door slid so that the wheel had worked off the runway; that inspectors of the defendant were about the place "all the time"; that the attention of one of the inspectors, who was seen doing repair work, was called to the condition of the door; that, returning from luncheon, the plaintiff, having attempted in vain to open the door, secured assistance and, the door finally moving, his hand was caught and he was injured.   *Held,* that

(1) It was a question of fact, whether the plaintiff knew and appreciated the risk involved and assumed it;

(2) The question of the plaintiff's due care was for the jury;

(3) The question, whether the defendant should have discovered the defect and remedied it, was for the jury.

TORT, by one employed in the United States railway mail service, for personal injuries alleged to have been caused by defects in the door of a freight car furnished by the defendant to the Federal government for its railway mail service. Writ dated July 14, 1922.

In the Superior Court, the action was tried before *Hall*, C.J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $500. The defendant alleged exceptions.

*L. A. Mayberry*, (*W. F. Levis* with him,) for the defendant.

*T. H. Bilodeau*, for the plaintiff.

CARROLL, J. The plaintiff, employed in the railway mail service of the United States Government, was injured June 25, 1921, while using one of the cars of the defendant, in connection with his work at the Overland Building, in Boston.

Cars for carrying the mail are furnished by the defendant under an Act of Congress of July 28, 1916. The car in question reached Boston June 24, 1921, at 10:35 at night, and was shipped to the Overland Building, reaching there at 1:40 in the morning; unloading of the car was finished at 2:30, and the work of reloading began at five o'clock in the morning of June 25. At seven o'clock the plaintiff came on duty and began work. It was a part of his duty to assist in loading the car with mail, and he continued this work until 11:30, when he went to lunch, having closed both of the sliding doors on the side of the car adjoining the platform. One of these doors was defective. Upon returning at twelve o'clock he attempted to open the defective door. The other door of the car was directly over the pit of the escalator, which was in operation. In attempting to open the defective door, the plaintiff took hold of the hasp of the door with his right hand, placing his left hand on the side of the car about an inch from the door. Some of the men in the crew assisted in opening the door and after forcing it, it moved with a quick slam and broken glass in the door injured the plaintiff.

There was evidence that the glass was broken. One witness testified that at seven o'clock in the morning of the accident, he noticed that the glass was broken, "and the door was kind of out of plumb, out of place like"; that he spoke to one McNamara whom he saw doing repair work, "with reference to what he had seen of the door." The

plaintiff testified in substance, that when he began work in the morning, the car door was open, there were five or six panes of glass in the door, and one of them was broken, "he didn't take much notice; that the door slid on four wheels . . . there were screws out of the iron plate that held the second wheel in place"; that when he went to lunch he tried to close the door; that the wheel had worked off the runway because the screws had loosened; that when attempting to open the door, "My hand was in the position where if the door came without any force or the window wasn't broken, my hand wouldn't have been injured. My hand wouldn't touch the door at all"; that he saw the inspectors "there all the time"; that he did not know "when [the door] . . . got to a certain point it would probably come quick." There was a verdict for the plaintiff and the case is here on the defendant's exceptions.

It could not be ruled as matter of law that the plaintiff assumed the risk. Taking into account the broken glass, the difficulty in opening the door because of its defective condition, it was a question of fact whether the danger was fully understood in its extent and capacity for harm. *Wood* v. *Danas*, 230 Mass. 587, 590, 592. The combination of the broken glass and defective wheel brought about such a condition of the door, when the attempt was made to open it, that it could not be ruled that the plaintiff understood the risk, or that it was of such an obvious nature that he voluntarily assumed it. The plaintiff knew the glass was broken and he knew that there was difficulty in opening the door, but it was a question of fact whether he knew and appreciated the risk involved. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Shannon* v. *Willard*, 201 Mass. 377. *Griffin* v. *Joseph Ross Corp.* 204 Mass. 477. *Leary* v. *William G. Webber Co.* 210 Mass. 68, 73, 74.

The question of the plaintiff's care was properly submitted to the jury.

There was evidence that the car was in a defective condition when it arrived in Boston. The defendant, under its contract with the United States Government, supplied the cars, "to be constructed, fitted up" and maintained by it,

and had the opportunity, with proper inspection, to discover the defect and remedy it. Inspectors of the company were upon the premises, and it could have been found that the cars were generally inspected before they were loaded. Even if McNamara's duty was confined to the inspection of the running gear, there was evidence that the defendant should have known of the defect and remedied it.

*Cunningham* v. *Merrimac Paper Co.* 163 Mass. 89, and *Cole* v. *L. D. Willcutt & Sons Co.* 218 Mass. 71, are not applicable. The car was owned by the defendant and was in use for the carrying of mail under the defendant's contract with the Federal government. It was to be maintained by the defendant for this purpose and should have been inspected. The jury could have found that it should have repaired the defect. It could not be said of the plaintiff in attempting to open the door that, as matter of law, he assumed the risk of the unexpected danger of coming in contact with the broken glass.

*Exceptions overruled.*