HARRY W. CHAPMAN *vs.* MARY I. STANDEN & another, executrices.

Suffolk.    October 4, 1938. — December 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Landlord and Tenant*, Tenancy at will, Time of letting, Common roof, Landlord's liability to tenant or his family or his invitee. *Proximate Cause. Negligence*, Assumption of risk.

The mere fact that rent to be paid by a tenant at will in a tenement house was reduced $1 per month did not require a finding that thereby a new letting took place so that the then condition of a part of the premises in the landlord's control and used in common by the tenants became the standard of the landlord's duty of maintenance thereafter.

A finding that negligence of a defendant in failing to maintain a platform in good condition was the proximate cause of the amputation

of an arm of the plaintiff was warranted by evidence that the amputation was rendered necessary by infection caused by a sliver which the plaintiff got in his thumb from a post which he seized to prevent his falling when a defective board in the platform gave way under his foot.

It could not properly be ruled as a matter of law on the evidence that a tenant in a tenement house assumed the risk of injury caused by a defective board in a platform on the roof used in common by the tenants.

TORT. Writ in the Municipal Court of the Brighton District of the City of Boston dated October 16, 1934.

On removal to the Superior Court, the action was heard by *Hanify*, J., without a jury.

The defendants' answer contained a general denial and an allegation of contributory negligence of the plaintiff. At the hearing the defendants asked for and the judge refused the following ruling: "The plaintiff had been upon the roof many times and has testified as to defective conditions of other boards, and in stepping upon this board as he testifies he did, he assumed the risk of the obvious defect."

There was a finding for the plaintiff in the sum of $7,500. The defendants alleged exceptions.

*J. F. Cavanagh*, (*A. E. McCleary* with him,) for the defendants.

*H. F. Hathaway*, (*A. R. Sisson* with him,) for the plaintiff.

QUA, J. The plaintiff, while a tenant at will of the defendants' testatrix (hereinafter called the defendant) in a three-tenement building in that part of Boston called Charlestown, went upon an uncovered platform on the roof to string a clothesline on the hooks provided for that purpose. While he was so engaged a decayed board gave way under his left foot. He lost his balance, grabbed a post of rough, old, weatherbeaten lumber and received a sliver in his left thumb as large as a sewing needle. This wound became infected, and eventually the plaintiff lost his left arm.

There was ample evidence that the platform was provided for the common use of the tenants; that the defendant retained control over it; that at the time of the original letting to the plaintiff in 1927 it appeared to be in sound

condition; and that later the defendant knew it was becoming decayed and was negligent in the matter of repairs. *Andrews* v. *Williamson,* 193 Mass. 92. *Gallagher* v. *Murphy,* 221 Mass. 363. *Sullivan* v. *Northridge,* 246 Mass. 382. *McCarthy* v. *Goodrum,* 292 Mass. 567. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203. *Wilcox* v. *Zane,* 167 Mass. 302. The case of *Kirby* v. *Tirrell,* 236 Mass. 170, is easily distinguishable on the facts.

We cannot accede to the contention of the defendant that because in 1933 or 1934 the plaintiff's rent was reduced by $1 a month a new letting must be deemed then to have taken place under which the standard of condition in which it was the duty of the defendant to use due care to maintain the platform became its condition at the time of the change in rent instead of its condition at the time of the original letting. There was no change in the premises demised, and no other change in the terms of the tenancy. The plaintiff's right to use the platform continued as before and remained appurtenant to the same premises. We think the judge could find that the parties intended that all their rights and duties, except as to the amount of rent, should still exist unchanged, including the duty of the defendant with respect to the condition of the platform, upon the performance of which duty up to that time the plaintiff had been entitled to rely. It would be unreasonable to hold that every trifling alteration in the premises demised or in the relations of the parties necessarily has the effect of an entirely new tenancy upon the standard of maintenance of all the appurtenances in the landlord's control and throws upon the tenant the burden of reëxamining all of them or taking upon himself the consequences of the landlord's then unfulfilled obligations. See *Coe* v. *Hobby,* 72 N. Y. 141; *Smith* v. *Kerr,* 108 N. Y. 31; *Donellan* v. *Read,* 3 B. & Ad. 899; *Crowley* v. *Vitty,* 7 Exch. 319. The cases of *Murray* v. *Lincoln,* 277 Mass. 557, and *Griffin* v. *Rudnick,* 298 Mass. 82, are to be distinguished on the ground that in each of them there was an entirely new tenancy of wholly different premises. See *Ashkenazy* v. *O'Neill,* 267 Mass. 143.

No difficulty exists in establishing a direct causal connection between the breaking of the board and the amputation of the plaintiff's arm.   The plaintiff's act in grabbing the post from which the sliver came could be found to have been a natural and almost involuntary reaction on his part as his foot went down.   Am. Law Inst. Restatement: Torts, §§ 443, 444.   There was in evidence medical opinion that the sliver caused the infection, and the amputation resulted from that.   *Wallace* v. *Ludwig*, 292 Mass. 251.

It cannot be ruled as matter of law that the plaintiff assumed the risk.   "So far as that differs from want of due care in a case like the present it was an affirmative defence and the burden of proving it rested upon the defendant." *Bergeron* v. *Forest*, 233 Mass. 392, 402.   *Silver* v. *Cushner*, 300 Mass. 583, 586.

*Exceptions overruled.*