MELINDA DELLO RUSSO *vs.* FELICIATA RIZZO.

Suffolk. October 6, 1937. — January 31, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Landlord and Tenant*, Common stairway, Landlord's liability to tenant or his family or his invitee. *Negligence*, One owning or controlling real estate.

Evidence that a plaintiff, a guest of a tenant in a tenement house of the defendant, was injured in a fall on a stairway used in common by the tenants, caused by a defect which arose after the tenancy began and which should have been discovered and remedied by the defendant, warranted a finding of breach of the defendant's duty to the plaintiff.

TORT. Writ in the Superior Court dated May 11, 1933.

Before *Brogna*, J., a verdict was returned for the plaintiff in the sum of $1,221. The defendant alleged exceptions.

The case was submitted on briefs.

*A. Santosuosso*, for the defendant.

*H. F. Tracy*, for the plaintiff.

DONAHUE, J. When the plaintiff was six years old she went one evening with other members of her family to visit an aunt who occupied as a tenant an upper apartment in a house owned by the defendant. The visit ended, she started to go home and was proceeding down stairways which were used in common by her aunt and by tenants in other apartments in the building, and had reached the edge of the landing at the head of stairs leading from the second to the first floor, when she felt something loose under her foot, lost her balance, and fell.

In her action for damages in the Superior Court against the owner of the building there was a verdict for the plaintiff. An exception of the defendant to the refusal of the judge to direct a verdict for the defendant is here presented.

The defendant owed to the plaintiff as the guest of her aunt a duty with respect to the condition of the premises. This was the same duty that the defendant owed to the tenant, the plaintiff's aunt. That was the obligation to use reasonable care to keep areas in the building, provided by the defendant for the common use of tenants in the building, in as good condition as that in which such areas appeared to be at the time of the letting to the plaintiff's aunt. *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300, 303, and cases cited. *Coupe* v. *Platt,* 172 Mass. 458. The principle of the case of *Comeau* v. *Comeau,* 285 Mass. 578, on which the defendant relies, is not here applicable. There a guest sued her host for damages caused by a defect in premises owned by the host.

The plaintiff's aunt hired her apartment four months or more before the time of the plaintiff's fall. There was testimony that, at the time of the hiring, the landing at the place where the plaintiff later fell was painted, and "was good," "looked nice," but that a change had come by the time the aunt had been a tenant for two or three months. The paint then had come off, the edge of the landing was "broken," "worn out," and a portion was "broken off." There was also testimony which described the landing as it appeared immediately after the fall as "worn," "broken," with "little cracks and . . . splinters coming out." The defendant's husband went to the premises in question to collect rents once or twice a month and sometimes more often.

The evidence, if believed, warranted the jury in finding that there was a defect at the edge of the landing which caused the plaintiff's fall; that the landing was not then in the condition as to safety that it appeared to be in when the plaintiff's aunt hired the apartment; that by the use of reasonable care the defect might have been discovered and remedied; and that the plaintiff was in the exercise of due care. *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550. *Blease* v. *Webber,* 232 Mass. 165. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203.

*Exceptions overruled.*