JACOB BRAIMASTER *vs.* JACOB WOLF.

Suffolk.    December 5, 1946. — January 8, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Common stairway.

A finding of breach of a landlord's duty to his tenant was warranted, and neither a ruling that the tenant assumed the risk of injury nor a ruling that he was guilty of contributory negligence was required, by evidence that while descending a common basement stairway in the control of the landlord, which had been in good condition at the beginning of the tenancy, the tenant fell because of a defective condition of a step which he had first noticed some months before the accident and had brought to the landlord's attention.

A landlord's duty to a tenant respecting the condition of portions of the premises used in common by tenants and in the control of the landlord is not limited by any right of the landlord to rely on the tenant to inform him of defects.

TORT. Writ in the Superior Court dated May 2, 1944.

The action was tried before *Swift,* J. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*S. B. Stein,* for the defendant, submitted a brief.

*A. Hurwitz,* for the plaintiff.

RONAN, J. In this action of tort, brought by the plaintiff against his landlord to recover for personal injuries, there was evidence that while the plaintiff was descending a common stairway on a very cold morning in December, 1942, for the purpose of attending to the boiler which apparently heated his apartment and in order to secure a supply of fuel oil for his kitchen range, "something caught his

foot"; that a broken step upon which he stepped caused him to fall; and that this stairway was in good condition when he first became a tenant in 1937, but six or seven months before the accident the plaintiff and his wife noticed that the step had become defective and, although the condition of the step was brought to the attention of the defendant, he refused to repair it. Photographs which were introduced in evidence showed that the stairway curved about ninety degrees to the left as one descended to the cellar, and that the riser had pulled away from beneath this step at its right hand edge. The jury could find upon this evidence that the defendant had negligently failed to exercise reasonable. care to keep the stairway in as good a condition as that in which it was or appeared to be when the plaintiff's tenancy began, *Sneckner* v. *Feingold,* 314 Mass. 613; *Smith* v. *Morse,* 315 Mass. 305, and that a causal connection between the defendant's negligence and the plaintiff's injury had been established. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203. *Russo* v. *Rizzo,* 302 Mass. 177.

There was no error in the refusal of the judge to direct a verdict for the defendant upon the ground either that the plaintiff had voluntarily assumed the risk or that he was contributorily negligent. The jury could find that on account of the severity of the weather it was necessary for the plaintiff to go to the cellar in order to secure more heat for his apartment, and that so far as appears there was no way, other than the stairway, to reach the cellar. Furthermore, the location of the loose edge of the riser might have been found to be such that one would not have reasonably anticipated that it might catch his foot and cause him to fall. In any event, it could not be ruled that the defendant had sustained the burden of proving that the plaintiff had voluntarily assumed the risk of injury. *Powers* v. *Boston,* 154 Mass. 60. *Pomeroy* v. *Westfield,* 154 Mass. 462. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Dunning* v. *New York Central Railroad,* 255 Mass. 211. *Lucas* v. *Byrne,* 258 Mass. 365. *Silver* v. *Cushner,* 300 Mass. 583. *Chapman* v. *Standen,* 302 Mass. 4. Contributory negligence of the plaintiff was a question of fact which was properly submitted

to the jury.  *Looney* v. *McLean,* 129 Mass. 33.  *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526.  *Hebb* v. *Gould,* 314 Mass. 10.  *Hayes* v. *Boston Fish Market Corp.* 319 Mass. 556.

The subject of the third request was adequately covered by the instructions.  The seventh request amounted to nothing more than a selection of a portion of the evidence favorable to the defendant, without any mention of other evidence adverse to the defendant.  The eighth request, which included the proposition that a landlord had a right to rely upon the tenant to inform him of any defective condition, was an incorrect statement of law, and the defendant's exception to the refusal to give it cannot be sustained. The ninth request was properly refused because mere knowledge of a defect is not the equivalent of voluntary assumption of the risk.  The tenth request, which in substance was that, if it was negligent to maintain the stairway in a defective condition, then it must have been negligent for the plaintiff to use the stairway, is unsound.  A similar request was held to have been properly denied in *Barttro* v. *Watertown Square Theatre, Inc.* 309 Mass. 223, 224, 225.  It was pointed out in *Wilcox* v. *Zane,* 167 Mass. 302, 307, and *McCarthy* v. *Goodrum,* 292 Mass. 567, 568, that the landlord and not the tenant has a duty with reference to the maintenance of those parts of the premises that remain in the control of the landlord.

<em>Exceptions overruled.</em>