## ISABEL M. MARTIN *vs.* BERT F. CHRISTMAN.

Suffolk.    December 5, 1946.— January 30, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Common roof.

It was error to order a verdict for the defendant at the trial of an action against the owner of an apartment house for personal injuries sustained by a tenant of an apartment therein and caused by a defective condition of a wooden platform on the roof in control of the defendant and used in common by the tenants for hanging clothes, where there was evidence that at the beginning of the plaintiff's tenancy the platform appeared to be in good condition, and that, following a subsequent winter and before the accident, the defective condition appeared, was called to the attention of the defendant's superintendent, and was not remedied.

TORT.    Writ in the Superior Court dated June 13, 1944. The action was tried before *Dillon,* J.

*T. H. Mahony,* (*M. Ross* with him,) for the plaintiff.

*R. N. Daley,* for the defendants.

DOLAN, J.    This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff as a result of negligence of the defendant. At the close of the plaintiff's evidence the judge allowed the defendant's motion for a directed verdict in his favor, and the plaintiff duly excepted.

The material evidence may be summed up as follows: On June 1, 1942, the plaintiff became the tenant of a third floor apartment in a building in Brighton owned by the defendant. The roof of the building was flat, and was "part gravel and part wood." The wooden part, consisting of a platform of boards or slabs, was about fifty by thirty feet in area and was enclosed by a railing "part wood and part stone," and there were also cement posts for hanging clothes. This was the only place provided for hanging clothes, and all the tenants of the building hung their

clothes there. On June 1, 1942, when the plaintiff went to the roof, the wooden flooring appeared to be in very good condition. There were no holes in it, and it did not bend or give when she walked upon it. "The board platform . . . looked all right and there was nothing wrong with it." The plaintiff used this area for hanging clothes every day during the summer and fall of 1942, but did not use it through the winter. In May or June of 1943 she again began to make use of the area and noticed a difference in the condition of the platform. It looked black, dry and splintered. She spoke to the superintendent of the building about this condition three or four times, but nothing was done about it. The superintendent so testified. Another tenant had also spoken to the superintendent several times in May or June prior to the plaintiff's accident with reference to the condition of the flooring which she had noticed. On June 15, 1943, at about 8:30 A.M. the plaintiff was on the platform hanging clothes, when it gave way beneath her. Her foot went through the floor and she was injured. Photographs of the platform at the point that collapsed while the plaintiff was standing thereon, taken a day or two after the accident, and conceded by the defendant's superintendent to be a fair representation "of the condition of the roof at that time," were admitted in evidence. The photographs are before us. An examination of them would have warranted the jury in finding that a large piece of an eighteen foot section of the flooring had broken off at one side for a substantial distance leaving a sizable hole, and that this section of flooring was exposed to the elements and had rotted.

It was the duty of the defendant landlord to exercise reasonable care to keep the platform on the roof, which. was used in common by all the tenants of the building and which remained in his control, "in the condition with respect to safety in which . . . [it was], or to a person of ordinary observation would appear to be, at the time of the letting." *Chambers* v. *Durling*, 306 Mass. 327, 329. *Sneckner* v. *Feingold*, 314 Mass. 613, 614, and cases cited. *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 375.

In the instant case the evidence would have warranted the jury in finding that the flooring of the platform appeared to be in a safe condition at the time of the letting, that at the time of the accident that condition no longer existed in that part of the floor which gave way where the plaintiff was standing, that the defendant had sufficient notice to permit repairs before the accident happened and also that independently of notice he should have discovered and remedied the defect, *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 375, and cases cited, that the defendant had failed to use reasonable care to keep the platform in the condition in which it was or appeared to be at the time of the letting, and that his negligence in that respect was the cause of the plaintiff's injury. The evidence presented a case for submission to the jury. See *McCarthy* v. *Goodrum*, 292 Mass. 567, 568; *Braimaster* v. *Wolf*, *ante*, 620, 622.

*Exceptions sustained.*