ROSE MENARD *vs.* ADELARD J. TESSIER.

Middlesex.     December 5, 1951. — January 9, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Common passageway.

A finding of breach of the duty of a landlord in control of a common passageway to an invitee of one of his tenants was warranted by evidence that at the time of the letting there was a break in the concrete surface of the passageway which appeared to have been filled up with soil almost level with the adjacent concrete surface, and that subsequently rain water washed out the filling and created a sizeable hole which had existed there two weeks when the invitee fell and was injured because of it.

TORT. Writ in the Superior Court dated December 2, 1948.

The action was tried before *Morton,* J.

*H. P. Brennan,* for the plaintiff.

*A. L. Eno, Jr.,* for the defendant.

RONAN, J. This is an action of tort to recover for personal injuries alleged to have been sustained by the plaintiff when in leaving the home of her sister, a tenant of the defendant, she stepped into a hole located in a common passageway.[1] The jury returned a verdict for the plaintiff, but the judge under leave reserved and subject to the exception of the plaintiff entered a verdict for the defendant.

The plaintiff's sister became a tenant of the defendant on May 19, 1948. A short stairway consisting of four or five steps led up from the common passageway to a doorway which served as the entrance to four tenements. At the time of the letting there was a break in the concrete surface of the passageway near the foot of the stairs and the surface of this

---

[1] It was agreed that the common passageway was under the defendant's control. — REPORTER.

break appeared to have been filled up with soil to almost the level of the adjacent surface of the way. Water lodged in the break when it rained, and as time went on water from rain storms began to wash out the filling creating a hole which became deeper so that for two weeks before the plaintiff's accident, which occurred on the night of June 18, 1948, and on that date the hole was fourteen to eighteen inches long, six inches wide, and about two or three inches deep.

The plaintiff testified that after she came downstairs she fell down when she put her foot in the hole and that is where she fell; that when she put her foot down on something solid her "foot caved in there in the hole"; that the ground caved in and her foot went into the hole; and that "the accident happened so fast that she didn't know it." Although there was variation in her description of the happening of the accident at the hole, the jury could find that it would not have occurred except for the hole itself as the sole cause, whether she stepped directly into the hole or whether her foot was precipitated into the hole by reason of the condition of the surrounding soil due to the action of water collected by the hole. It was for the jury to determine the details of her fall and the cause of her injury. *Hutchins* v. *F. W. Woolworth Co.* 324 Mass. 5, 7. *Mason* v. *McLellan Stores Co.* 324 Mass. 671, 673.

The defendant was bound to exercise reasonable care to keep this common passageway in as good a condition as it was in or appeared to be in at the time the plaintiff's sister became a tenant. The jury could find that there was a violation of this duty. *Bailey* v. *Golburgh*, 320 Mass. 309. *Braimaster* v. *Wolf*, 320 Mass. 620. *Martin* v. *Christman*, 320 Mass. 696. *Donnelly* v. *Larkin*, 327 Mass. 287.

The plaintiff's exception is sustained. The verdict entered under leave reserved is set aside, and the verdict returned by the jury is to stand.

*So ordered.*