EVELYN MERWIN *vs.* JAMES DE RAPTELLIS.

Norfolk.   October 9, 1958. — November 18, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Common stairway. *Evidence,* Opinion: expert.

Evidence at the trial of an action for personal injuries sustained when the plaintiff stepped on the tread of a step in a marble stairway and it tilted and caused her to fall, that prior to the accident a "clicking" sound was heard when that step was trod upon, warranted a finding by the jury without expert testimony that the sound indicated a movement of the tread and that it was out of place. [120]

Evidence that when an employee of a tenant at will of an apartment located on an upper floor of a building having a marble stairway stepped on the second step of a section of four steps above a landing between floors the step tilted and caused her to fall and sustain injuries, that the stairway had been in good condition when the apartment was let to her employer, that the owner of the building had frequently passed over the stairway shortly before the accident happened and had observed a step in the section of four steps where the cement between the riser and the tread had fallen out so that when trod upon a "click" was heard, and that he had not repaired such step warranted findings that the "clicking" step observed by him was the one on which the employee fell and that there was a breach of the owner's duty to her. [120–121]

TORT.   Writ in the Municipal Court of Brookline dated March 22, 1956.

Upon removal to the Superior Court, the action was tried before *Rome,* J.

*Philander S. Ratzkoff,* for the defendant.

*Albert R. Mezoff,* for the plaintiff.

RONAN, J.   The plaintiff seeks to recover damages for personal injuries sustained while descending a common

stairway in an apartment house owned and maintained by the defendant. The jury returned a verdict for the plaintiff and the case is here upon the defendant's exceptions to the denial of his motion for a directed verdict for him and to the refusal of the judge to enter a verdict for him under leave reserved.

The facts may be briefly summarized as follows. The plaintiff at the time of the accident on October 28, 1955, had been employed for a year and one half by one Price. Price had been a tenant at will since 1951. He occupied one of the two apartments located on the third floor. A stairway constructed of marble served all three floors. The part which connected the first and second floors consisted of three sections of marble steps which were separated by two landings. The allegedly defective step was the second step above the lower landing in the middle section which consisted of four steps. The plaintiff testified that, as she stepped on the second step above the landing, the step tilted causing her to fall. The defendant testified that the stairway was in good condition when Price became a tenant and also at the time of the accident. The defendant had employed a general superintendent who had charge of the building and also employees who did mopping and polishing under the supervision of the superintendent. The defendant testified that he had frequently passed over the stairway leading to the second floor in October, 1955, and there was a step in the second section where the cement between the riser and tread had fallen out so that when stepped upon a "click" would be heard and there was a second "clicking" step also on the first flight but that he had not repaired either step.

Photographs of the stairway leading to the second floor showed that the treads consisted of single marble slabs, the right ends of which as one descended the stairs rested against the wall. The clicking as one stepped upon the tread gave notice that that end of the tread was not secure and that it was a condition that would deteriorate from constant use of persons stepping upon it so that it would become so loose

as to be dangerous to persons using it. Whether the accident happened in accordance with the plaintiff's account was for the jury.

It is the well settled law of this Commonwealth that a landlord owes a duty to use reasonable care to keep a common passageway in as good condition as that in which it was or appeared to be at the time of the letting. *Andrews v. Williamson*, 193 Mass. 92, 94. *Russo v. Rizzo*, 302 Mass. 177, 178. *Chambers v. Durling*, 306 Mass. 327, 329–330. *Shwartz v. Feinberg*, 306 Mass. 331, 333–334. *Menard v. Tessier*, 328 Mass. 286, 287. *Dreher v. Bedford Realty, Inc.* 335 Mass. 385, 388. His is a duty owed not only to the tenant, but also to persons using the premises in his right, as members of the tenant's family, *Silver v. Cushner*, 300 Mass. 583, 584–585, his guests, *Russo v. Rizzo*, 302 Mass. 177, 178, business invitees, *Marquis v. John Nesmith Real Estate Co.* 300 Mass. 203, 205, and employees, *Dreher v. Bedford Realty, Inc.* 335 Mass. 385, 388.

There is no need to impute knowledge of the defect to the defendant by means of the length of time the defect had existed prior to the accident, see *Shavelson v. Marcus*, 273 Mass. 237, 239; *Pauley v. Brockton Sav. Bank*, 305 Mass. 517, 520, or through the knowledge of his employees, see *Dunlea v. R. D. A. Realty Co.* 301 Mass. 505, 509, for the defendant's testimony was such that the jury could have inferred that he knew of the condition prior to the accident.

The jury could find that the "clicking" sound indicated a movement of the tread and that repeated applications of the weight of persons passing upon it caused it to slip out of place. Expert testimony was not necessary. *Johnson v. Orange*, 320 Mass. 336, 338.

The defendant also contends that the loose step was not sufficiently identified as the one upon which the plaintiff fell, and that it was conjectural whether the second step in the second section of steps was the same "clicking" step referred to by the defendant in his testimony. There must be a causal connection between the defect and the injury. *McCollum v. United Mkts. Inc.* 323 Mass. 32, 34. The

testimony of the plaintiff herself that the tread tilted so as to cause her to fall and the evidence of the defendant that the "clicking step" where the cement between the riser and tread had fallen out was one of the four steps in the second section were sufficient to take the case to the jury. *Andrews* v. *Williamson*, 193 Mass. 92. *Griffin* v. *Rudnick*, 298 Mass. 82. *Russo* v. *Rizzo*, 302 Mass. 177. *Braimaster* v. *Wolf*, 320 Mass. 620.

There was no error in denying the motion of the defendant for the direction of a verdict in his favor and the motion for the entry of a verdict under leave reserved.

*Exceptions overruled.*