*Southern District*

**DOROTHY DROUIN**

v.

**JAMES MOTTA**

*Present:* Nash, P. J., Welch & Callan, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol. No. 7090.

*Callan, J.* The counts of this action are

based on negligence. *The evidence shows that*
the plaintiff became a tenant of the defendant
on September 13, 1958 occupying the third
floor of the defendant's premises in New
Bedford. Sometime the previous April a
piece of gutter had fallen from the roof of
the building and damaged the third step from
the bottom of the rear steps causing this step
to become weakened and having a tendency
to sag when stepped on. There was evidence
that at the time of hiring the defendant told
the plaintiff that if there were any repairs to
be made he would make them. Shortly after
the tenancy began the plaintiff noticed the
step was deteriorating and that it had become
cracked whereupon she notified the defendant
of its condition and reminded him of his
promise to keep the premises in repair. On
two later occasions she complained to the de-
fendant about the worsening condition. The
defendant then proceeded to repair the step
although there was evidence that the step
wasn't fixed until after the plaintiff's injury
on December 18, 1958.

The judge found the step was defective and
that it was the cause of the accident whereby
the plaintiff suffered injury to her back. He
found, however, that this condition existed
since the tenancy began and found for the
defendant.

The plaintiff filed the following requests
which were denied:

1. That upon the evidence the Plaintiff is entitled to a
verdict in her favor.

2. That upon all the law the Plaintiff is entitled to a verdict in her favor.

5. Evidence that such portions deteriorated is sufficient to fasten liability upon the landlord for injuries suffered thereon by a tenant. See *Goodell v. Sviokela,* 262 Mass. 315, 319; *Barre v. Epstein,* 299 Mass. 577.

6. Proof that the treads on a common stairway became progressively shakier and looser, is sufficient to sustain the tenant's burden of proving that the landlord failed to keep the premises in as good condition as at the time of the letting. See *Griffin v. Rudnick,* 298 Mass. 82, 85; *Loudon v. Beaulieu,* 277 Mass. 33.

7. Upon all the evidence, the landlord knew of a crack in a step of the common stairway and if he took no action to repair the step it is sufficient to support a finding that the landlord had knowledge of the defect and that he failed to use reasonable care to keep the steps in as good a condition as they appeared to be at the time of the letting. See *Boday v. Thibault,* 337 Mass. 243.

The defendant filed the following requests which were allowed, as follows:

1. Upon all of the evidence the defendant is entitled to a [finding] verdict in his favor.

2. Upon all the law the defendant is entitled to a [finding] verdict in his favor.

Claiming to be aggrieved by the judge's action on these requests, the case is reported to this Division for determination.

The judge found the plaintiff complained to the defendant about the defective condition of the step about a week after the beginning of the tenancy, at which time the defendant said he would fix it. He also found the step

was repaired by the defendant three or four days after the accident although the defendant's brother had made temporary repairs after the fall of the defective gutter.

■ Under the facts here existing it was the duty of the defendant in the absence of an express agreement as landlord to exercise reasonable care to maintain such portions of his property as are under his control in the condition so far as safety is concerned in which they were, or appeared to be, at the time of the letting. *Condon v. Winn,* 252 Mass. 146; *Woodman v. Shepard,* 238 Mass. 196; *Snecker v. Feingold,* 314 Mass. 613; *Goodman v. Smith,* 340 Mass. 336.

■ We cannot say that the finding by the judge that the condition of the step at the time of injury to the plaintiff was the same as when the tenancy began was wrong. The judge found that when the gutter fell on the step it caused the step to be cracked and weakened so that it had a tendency to sag. There appears to be no evidence of any different condition of the step at the time of injury from that at the time of letting unless the evidence that the "step was worsening and the crack was getting larger" was believed by the judge. The judge did not so find. We cannot disturb this finding of facts.

■ To prevail the plaintiff must show there has been a change in the condition of the step which arose after the letting. *Murray v. Lincoln,* 277 Mass. 287, 290; *Braimaster v. Wolff,* 320 Mass. 620; *Donnelly v. Larkin,* 327 Mass. 287, 290; *Sullivan v. Hamacher,*

339 Mass. 190. His finding of facts accordingly renders the request for rulings immaterial. *Wilson v. Birkenbush,* 305 Mass. 173.

If, as the plaintiff contends the judge's action on her requests are inconsistent with his finding, her remedy is by a motion for a new trial, or a motion to correct the inconsistency. *Viera v. Balsamo,* 328 Mass. 37; *Kelsey v. Hampton Court Hotel Co.,* 327 Mass. 150.

We perceive no error and the report is ordered dismissed.

Max F. Greenstein of New Bedford, for the Plaintiff.