MARY MIKALOROS *vs.* ANTHONY STAMATOURAS.

Middlesex. February 5, 1965. — March 31, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Common hallway, Lights, Contract of letting. *Proximate Cause.*

Evidence warranted findings that a hallway in a two family house was a common hallway in the control of the owner of the house, that the owner in letting one of the apartments to a tenant had undertaken to light the hallway but thereafter had negligently failed to do so, that there was a causal connection between such failure and an injury sustained by a social guest of the tenant's wife when the guest fell at the foot of a stairway which she had descended into the dark hallway, and that the owner was liable to the guest.

TORT. Writ in the Superior Court dated August 7, 1962. The action was tried before *Ponte,* J.

*Frank P. Hurley* for the defendant.

*Walter H. McLaughlin, Jr.* (*Robert F. Murphy* with him) for the plaintiff.

SPIEGEL, J.   This is an action of tort to recover damages for personal injuries sustained by the plaintiff from a fall in the defendant's house.   The jury returned a verdict for the plaintiff, and the case is here on the defendant's exception to the denial of his motion for a directed verdict.

We state the evidence most favorable to the plaintiff. On the day of the accident, the plaintiff was the social guest of the wife of the defendant's tenant, who occupied an apartment on the first floor of a two family house owned by the defendant, who occupied the second floor apartment. In the course of her visit with the tenant's wife, the plaintiff also visited the defendant's mother-in-law in the second floor apartment.   Returning to the first floor apartment at about 9:30 P.M. the plaintiff descended a back stairway leading to a hallway adjacent to the first floor apartment. The area was partly under new construction.   It was dark at the foot of the stairs and in the hallway.   From the last step, she "went to step on the hall" floor.   She "thought there was another step and . . . [her] foot twisted and . . . [she] fell."   At the time of the creation of the tenancy and thereafter, the hallway was customarily illuminated at night by a light maintained by the defendant. This hallway was used by the tenant and the defendant.

From this evidence the jury could find that the hallway was a common passageway over which the defendant retained control; that the defendant had impliedly undertaken as a part of the letting to keep the hallway lighted and had negligently failed to perform this obligation; that the plaintiff was no longer the social guest of the defendant at the time of the accident, but the guest of the tenant's wife; and that there was a causal connection between the failure to light the hallway and the injury.   *Coan* v. *Adams,* 332 Mass. 654, 656–657.   *Denny* v. *Burbeck,* 333 Mass. 310, 312.   *Sullivan* v. *Hamacher,* 339 Mass. 190, 193–195.   Accordingly, there was no error in denying the defendant's motion for a directed verdict.

*Exceptions overruled.*