ANNETTE C. HEALY, administratrix, *vs.* MORRIS E. SMITH & others, executors.

Suffolk.   March 8, 1968. — March 29, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant*, Tenancy at will, Commencement of tenancy, Common passageway, Mat, Landlord's liability to tenant or one having his rights.

A conclusion that a tenancy at will in effect at the time of an injury to the tenant in a common passageway had commenced upon the expiration of a written lease some two years earlier was not precluded by the facts that in the interval there had been two slight increases in the rent and the landlord had referred to termination of tenancy and to creation of a new tenancy in letters to the tenant notifying her of the rent increases.

A finding that the landlord of a building was liable to a tenant therein for injuries sustained in a fall on a torn rubber mat in a common passageway was warranted by evidence that the mat was in good condition at the commencement of the tenancy some two years before the accident, and that the tenant noticed the torn condition about a year before the accident and spoke to the janitor in that year.

TORT.   Writ in the Superior Court dated January 10, 1962.

The action was heard without jury by *Sullivan, J.*

*Neil L. Lynch* for the defendants.

*Joseph J. Hurley* for the plaintiff.

WHITTEMORE, J.   This tort action was begun by Mrs. Joan Healy (hereinafter called the plaintiff) for injuries sus-

tained in falling on a badly torn rubber mat in a common passageway in the building in which she was a tenant. She died after the trial and the administratrix of her estate was admitted to prosecute the action.

The case was tried under the rule that the condition of the premises at the start of the tenancy determined the landlord's obligation. The accident occurred on March 31, 1960. The judge, without a jury, found for the plaintiff. The evidence permitted the conclusion that the tenancy for purposes of the rule began not later than May 14, 1958, when a written lease, effective in May, 1957, expired and Mrs. Healy became a tenant at will, inferentially at the same rent as under the lease of forty-seven dollars a month. The increase in rent to fifty dollars in September, 1958, and to fifty-two dollars on January 5, 1960, did not require a ruling that new tenancies had been created. *Chapman* v. *Standen*, 302 Mass. 4. *Denny* v. *Burbeck*, 333 Mass. 310, 313. See *Bridges* v. *Boston Housing Authy*. 342 Mass. 207, 211. The letters notifying Mrs. Healy of the rental increases had referred to the termination of tenancy and (in the second letter) to the creation of a new tenancy but this did not bar the conclusion that the substance of the relationship was a continuing tenancy at will at slight increases in rent.

The judge could find that the mat was not in a dangerous condition in 1958. There was express testimony that it was in good condition in May, 1957, and that the plaintiff first noticed the torn condition about a year before her fall and that she spoke to the janitor in the year before the accident. This warranted an inference that the mat remained in a safe condition in May, 1958.

We need not consider the contention of the administratrix (founded in the provision of the 1957 lease that on its termination its "terms and conditions . . . shall apply as long as the occupant remains in occupancy") that the tenancy at the time of the accident began in May, 1957.

There was no error in the admission of evidence or in the rulings made.

*Exceptions overruled.*