VIRGINIA T. LINDSEY *vs.* ANASTASIA MASSIOS.

Middlesex. December 9, 1976. — March 3, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Negligence,* One owning or controlling real estate, Invited person, Licensee, Violation of statute. *Landlord and Tenant,* Common stairway, Landlord's liability to tenant or one having his rights, Safety requirements. *Nuisance.*

A landowner's duty of reasonable care in maintaining property he controls extends to all lawful visitors on his premises, including the lawful visitors of his tenants. [81-82]

In an action for injuries in an apartment house, evidence that the light bulb in the landing's fixture had been missing for ten days and that the absence of a light on the staircase constituted a violation of G. L. c. 144, § 61, was admissible as relevant to the issue of negligence. [83-84]

In an action for injuries sustained in a fall on an unlit stairway in an apartment house, a violation of G. L. c. 144, § 61, a safety statute, which violation constituted a nuisance pursuant to G. L. c. 144, § 88, did not entitle the plaintiff to recover in nuisance for her injury. [84-85]

TORT. Writ in the Superior Court dated March 26, 1973.

The action was tried before *Beaudreau, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Leon M. Fox* (*Robert D. Abrams* with him) for the plaintiff.

*William H. Clancy* for the defendant.

HENNESSEY, C.J.   The plaintiff (Lindsey) brought this tort action in the Superior Court in Middlesex County. She alleged negligence and nuisance by the defendant (Massios) in lighting and maintaining the stairway in a building owned by Massios. The jury returned a verdict for the defendant on both counts. Lindsey appealed and we transferred the case to this court from the Appeals Court. Lindsey asserts error in the denial of her motion for a new trial, in the exclusion of certain evidence, and in the denial of her requests for instructions. She also claims error in the instructions which were in fact given.

Evidence at the trial below showed that in December, 1971, Lindsey entered a three-tenement building in Beverly owned by Massios to visit a friend who lived on the third floor. Leaving around 7 P.M., she descended to the second floor landing, attempted to turn the light on and discovered that the bulb in the ceiling light fixture was missing. Continuing her descent she slipped and fell down the stairs. Hospital records indicate that Lindsey had a broken left ankle which required surgery. Lindsey testified that on the morning after her fall she observed an oily gouge on the stairs between the second and first floor landings. Lindsey's son testified that approximately ten days prior to the fall the stairs were in poor condition and the second floor light bulb was missing.

The trial judge struck from the record the certification, offered by counsel for Lindsey to show negligence and nuisance on the part of Massios, that the city of Beverly had accepted the provisions of G. L. c. 144, regulating the safety of city tenement houses. He declined to instruct the jury that violation of G. L. c. 144, § 61, concerning lighting

in tenement common passageways, constitutes evidence of negligence and evidence of nuisance under G. L. c. 144, § 88. He also declined to instruct the jury that Massios owed a duty of reasonable care in the maintenance of common passageways to her tenants' visitors under the doctrine of *Mounsey* v. *Ellard*, 363 Mass. 693 (1973). Furthermore, the judge specifically charged the jury that the presence or absence of a light on the second floor landing was irrelevant to the issue of negligence and that Massios owed a duty to Lindsey, as an invitee of a tenant, only to maintain the stairs in a condition as good as that which existed or appeared to exist when the tenancy of Lindsey's friend began.

We conclude that Lindsey is entitled to a new trial because the judge erroneously refused to instruct the jury that a landlord owes his tenants' visitors a duty of reasonable care in maintaining common passageways. There was error also in the judge's striking of records which tended to establish Massios's violation of G. L. c. 144, § 61; in failing to instruct the jury that such a violation constituted evidence of negligence; and in instructing the jury that the presence or absence of light in the common passageway did not constitute evidence of negligence.[1] We find no error in the judge's refusal to instruct the jury that violation of G. L. c. 144, § 61, made Massios liable for damages to Lindsey in nuisance under G. L. c. 144, § 88.

1. This Commonwealth has long adhered to the rule that a landlord owes to the guests of his tenants the same duty which he owes to his tenants: that is, a duty to use reasonable care to maintain such common passageways as he controls in the same condition as they were or appeared to be in at the time of the letting. *Marsh* v. *Goldstein*, 341 Mass. 83, 85 (1960). *Russo* v. *Rizzo*, 302 Mass. 177, 178 (1939). This rule bars recovery by a tenant's visitor for personal injuries caused by landlord negligence which predated the visited tenant's lease.

---

[1] In fairness it should be said that the several "errors" are all based on the judge's consistent application of the existing law which we overrule today in favor of the *Mounsey* doctrine.

In 1973 this court declined to follow an analogous common law rule which prevented policemen and firemen, as "licensees," from recovering damages for personal injuries caused by landowner negligence. *Mounsey* v. *Ellard*, 363 Mass. 693 (1973). The rejected rule stemmed from feudal conceptions which favored landowner property interests over individual interests in personal safety and from piecemeal judicial attempts to readjust the resultant imbalance of interests. *Id.* at 695-706. We announced a new rule that occupiers owe a duty of reasonable care to all lawful visitors without regard to their common law status as invitees or licensees. *Id.* at 707.

The *Mounsey* rule and its underlying policy rationally apply to all persons whose only relationship to premises on which they are injured is that of lawful visitor. Modern values and the realities of urban living favor protection of personal safety over rights of absolute property control and demonstrate no logical basis for distinguishing among persons who enter private property for various legitimate purposes. *Id.* at 703-707. Neither the landowner's conduct in maintaining premises in his control nor the visitor's need for legal protection of his safety depends on the visitor's status as business acquaintance, social acquaintance or public official. *Id.* at 706. Similarly, the status of the person visited, landowner or lessee, should not affect the visitor's right to personal safety or the landowner's obligation reasonably to maintain premises in his control.

Therefore, we no longer follow the common law rule that a landlord owes to his tenants' visitors the same duty he owes to his tenants concerning the maintenance of common passageways in his control.[2] The landowner's duty of reasonable care in maintaining property he controls extends to all lawful visitors on his premises, *id.* at 707, including the lawful visitors of his tenants.

---

[2] We do not consider or decide today the extent of a landlord's duty to his tenants in this area, but cf. *Perry* v. *Medeiros*, 369 Mass. 836, 840-841 (1976), where a landlord's violation of a safety statute was held to be evidence of his negligence in an action by a tenant.

2. Lindsey alleges that Massios is liable for her injury both because Massios negligently left the second floor landing unlit and because she negligently maintained the staircase between the first and second floors. The amount of light cast on the stairway in question is relevant to the issue of negligence because this factor assists the jury in deciding whether Massios took reasonable measures to ensure the safe passage of visitors on her stairway after dark. Evidence of the absence of the light bulb in the second floor landing's light fixture, and evidence from which it could be inferred that the bulb was missing for ten days, was therefore admissible.

In addition, G. L. c. 144, § 61, requires that "[i]n every tenement house occupied by more than two families a proper light shall be kept burning by the owner in the public hallways, near the stairs . . . every night from sunset to sunrise . . . ." A jury could find that the absent light bulb showed that Massios violated this statute. Such a violation, if found, constitutes evidence of negligence, see *Perry* v. *Medeiros,* 369 Mass. 836, 840-841 (1976), despite a line of cases holding that violations of safety statutes by landlords which cause personal injury to tenants' visitors do not constitute evidence of negligence, *Stapleton* v. *Cohen,* 353 Mass. 53, 56 (1967), at least where the violations concern common areas. *Dolan* v. *Suffolk Franklin Sav. Bank,* 355 Mass. 665, 668 (1969). It seems clear to us that *Stapleton* derived its rule from the old rule that a landlord's duty to his tenants' visitors was defined by the safety conditions which existed at the commencement of the tenancy. We hold today that the landlord's duty of reasonable care to all visitors lawfully on premises within his control extends to his tenants' visitors. Therefore, violation of a safety statute constitutes evidence of negligence in any action by a person whose only relationship to the premises where the injury occurred is that of a lawful visitor. In so far as *Stapleton, supra,* is inconsistent with this decision, it is hereby overruled.

Consequently, evidence concerning the presence or ab-

sence of the second floor landing light bulb and evidence showing violation of G. L. c. 144, § 61, is properly admissible as relevant to the issue of negligence.

3. However, even if the jury are convinced that Massios violated G. L. c. 144, § 61, by her failure to replace the second floor landing light bulb, such a violation would not render her liable for Lindsey's injury pursuant to the nuisance provision of G. L. c. 144, § 88. This statute declares that "[a] building . . . which is . . . maintained or used in violation of this chapter shall be deemed a common nuisance without other proof thereof than proof of such unlawful . . . maintenance or use, and the board of health may, if such violation is of any section of this chapter relative to light . . . order the owner of said premises at his own expense to abate or remove said nuisance . . . and if the owner or occupant fails to comply with such order, the board may abate or remove the nuisance, and all expenses incurred thereby shall be paid by the person who caused or permitted the same." G. L. c. 144, § 88. Lindsey maintains that this statute, in labelling a § 61 violation a "common nuisance," enables her to recover in nuisance for an injury on proof that the absent light bulb constituted a violation of § 61. We disagree.

We do not construe a safety statute to establish a new civil cause of action without express terms or clear legislative intent to that effect. *Richmond* v. *Warren Inst. for Sav.*, 307 Mass. 483, 485 (1940). The term common or public nuisance refers to a common law doctrine prohibiting conditions on private property which dangerously affect the public domain, and permitting recovery for personal injuries sustained on public property because of such property conditions. *Pritchard* v. *Mabrey*, 358 Mass. 137, 142-143 (1970). Under the common law scheme the actions of persons injured by dangerous conditions on private property require proof of negligence or intentional wrong, and employment of the term "nuisance" does not obviate the need for such proof. *Id.* at 143-144.

Reading G. L. c. 144, § 88, as a whole, we find no clear legislative intent to create a cause of action in nuisance

for personal injuries sustained on private property. The Legislature authorized public authorities to abate violations of c. 144 on private property and described the source of this authority as sounding in public nuisance, because the violations enumerated in c. 144 endanger the public even though they do not affect the public domain.[3] No language in c. 144, § 88, addresses the rights of individual members of the public aggrieved by such violations. Consequently, the statute creates no individual right of action in nuisance for personal injuries caused by such violations.

In summary, we hold that Massios owed Lindsey a duty to use reasonable care in the maintenance of the premises on which Lindsey was injured. If Massios violated a statutory duty concerning safe maintenance of common passageways within her control, such a violation is evidence of negligence which the jury may consider. Such a violation does not entitle Lindsey to recover damages for nuisance pursuant to G. L. c. 144, § 88.

Because the rulings of the judge were inconsistent with these principles, the judgment must be reversed and the case remanded to the Superior Court for a new trial.

*So ordered.*

---

[3] General Laws c. 144 regulates two or more family tenement houses in cities. Presumably, many persons who are part of "the general public" come into such buildings for various reasons.