SALLIE WILLIAMS & others[1] *vs.* MICAELA FONTES. March 31, 1980. The plaintiffs, who were tenants in a six-family apartment house owned by the defendant, brought a tort action against the defendant in 1967, based on injuries sustained as the result of their jumping from a second-story bedroom window in order to escape from a fire in the building. After a jury waived trial in September, 1978, the judge entered judgment for the plaintiffs.

---

[1] The other plaintiffs are Anabell Williams and Carrie Harris.

1. The judge found that the defendant was negligent in having failed to provide any fire extinguishers in the building, as required by G. L. c. 143, § 24, as amended by St. 1943, c. 544, § 3. (Repealed by St. 1972, c. 802, § 28. See now G. L. c. 23B, §§ 16 through 23, inserted by St. 1972, c. 802, § 1.) The judge also found a breach of the defendant's common law duty to use reasonable care in the maintenance of the premises under her control (*Lindsey* v. *Massios*, 372 Mass. 79, 82-83 [1977]; *King* v. *G & M Realty Corp.*, 373 Mass. 658, 661-662 [1977]). Although the defendant's violation of G. L. c. 143, § 24, constituted evidence of negligence (see *Lindsey* v. *Massios*, *supra* at 83), we find no support in the evidence for the judge's finding that the absence of any fire fighting apparatus, i.e., fire extinguishers, in the building was a contributing cause of the plaintiffs' injuries. *Wainwright* v. *Jackson*, 291 Mass. 100, 102-103 (1935). "Though falling below the requisite standard of care, an act or omission is not actionable unless also shown to be a substantial cause of the injury complained of." *Delta Air Lines, Inc.* v. *United States*, 561 F.2d 381, 393 (1st Cir. 1977), cert. denied, 434 U.S. 1064 (1978). See *Bratton* v. *Rudnick*, 283 Mass. 556, 559 (1933); *Carroll* v. *Cambridge Elec. Light Co.*, 312 Mass. 89, 94-95 (1942); *Falvey* v. *Hamelburg*, 347 Mass. 430, 434-436 (1964). The evidence was that, after unsuccessful attempts to leave through the downstairs exits, the plaintiffs jumped from the bedroom window because "the fire was coming and there was so much smoke that you couldn't stay in there. You had to stick your head out." There was also testimony that, at that time, "the fire was really bad" and "the fire was coming through the roof." The judge found that "had fire fighting apparatus been present, it could well have provided the extra margin of safety necessary to make remaining in the second story bedroom a viable alternative until rescue by the fire department occurred." We can find no evidence in the record to show what, if any, protection fire extinguishers would have afforded the plaintiffs against the conditions described which led to their decisions to jump. The judge's finding with regard to the possible effect of such apparatus is in the realm of conjecture and fails to establish the requisite element of proximate cause. Cf. *Zezuski* v. *Jenny Mfg. Co.*, 363 Mass. 324, 328-329 (1973).

2. The judge also found that the defendant was negligent in removing a second story fire escape approximately five months before the fire without substituting an equally accessible means of egress, and that the removal of the fire escape "would seem a most direct cause of the plaintiffs' injuries . . . ." There was no evidence, however, that the defendant failed to comply with the minimum safety requirements provided in G. L. c. 143, § 21 (repealed by St. 1972, c. 802, § 28), regarding egresses and fire escapes in buildings covered by its provisions. The judge found that the defendant's building had two exits, front and rear, and that the defendant had never been notified by a housing or fire inspector that addi-

tional exits were required. See G. L. c. 143, § 21. As the defendant had no duty to maintain a fire escape, because the building had adequate means of egress as required by law, there was no basis for founding liability on the defendant's removal of the fire escape. The judge found no other facts which would warrant the conclusion that the defendant had breached her duty to her tenants to use due care in maintaining the premises in a reasonably safe condition. Contrast *Lindsey* v. *Massios*, *supra* at 83-84; *Crowell* v. *McCaffrey*, 377 Mass. 443, 445, 449 (1979); *Young* v. *Garwacki*, 380 Mass. 162, 169 (1980).

*Judgment reversed.*

*Judgment for the defendant.*

*Harry Ehrlich* for the defendant.
*Harold Meizler* (*John D. Yellin* with him) for the plaintiffs.