SALLIE WILLIAMS & others[1] vs. MICAELA FONTES.

Suffolk. November 6, 1980. — March 5, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Negligence*, One owning or controlling real estate, Violation of statute. *Landlord and Tenant*, Landlord's liability to tenant or one having his rights, Safety requirements.

In an action by plaintiffs seeking to recover damages from their landlord for injuries sustained when they jumped from a window of their second-floor apartment to escape from a fire in the apartment building, there was sufficient evidence to warrant findings that the landlord was negligent in failing to provide fire extinguishers as required by G. L. c. 143, § 24, and that the absence of fire extinguishers was a contributing cause of the plaintiffs' injuries. [97-98]

TORT. Writ in the Superior Court dated January 23, 1967.

On transfer to the Municipal Court of the Roxbury District and retransfer to the Superior Court, the action was heard by *Young, J.*

After review by the Appeals Court the Supreme Judicial Court granted leave to obtain further appellate review.

*Harry Ehrlich* for the defendant.

*Harold Meizler* (*John D. Yellin* with him) for the plaintiffs.

BRAUCHER, J. The plaintiffs brought this action in 1967 to recover damages for injuries sustained in 1966 when they jumped from a window of their second-floor apartment to escape from a fire in the apartment building. They claimed that the defendant landlord had violated statutory and common law duties to provide adequate means of egress from

---

[1] Annabell Williams and Carrie Harris.

the building and to install fire fighting apparatus on each floor of the building. G. L. c. 143, §§ 21, 24.[2] After a trial without a jury in September, 1978, a judge of the Superior Court found that the landlord was negligent both in removing a fire escape and in failing to provide fire extinguishers, and entered a judgment for the plaintiffs. The Appeals Court reversed, holding that there was no breach of duty with respect to means of egress, and that it was not shown that the absence of fire extinguishers was a contributing cause of the plaintiffs' injuries. *Williams* v. *Fontes,* 9 Mass. App. Ct. 882 (1980). We granted the plaintiffs' application for further appellate review, and we affirm the judgment for the plaintiffs.

The parties agreed to the following facts. At the time of the fire, on June 2, 1966, the defendant owned the building and was in control of the common areas. The plaintiffs were tenants of the building, which was used as an apartment house and had more than eight rooms above the second story. There was no fire extinguishing apparatus anywhere in the building; the fire was not in any way the fault of the landlord; there were no fire escapes; and the plaintiffs were injured when they jumped from the second story during the course of the fire. The amount of damages was also agreed.

The judge made the following additional findings on the basis of the testimony. At the inception of the plaintiffs' tenancy an outside fire escape led from the window of their apartment to the ground, but it was removed by the landlord about five months before the fire. The building had both front and rear exits, and the landlord had never been notified by an inspector that additional exits or means of escape from fire were necessary. On the night of the fire, the plaintiff Sallie Williams was awakened by screams, ran down the front stairs to find the front exit engulfed in flames, and retreated to the second floor, reasonably believing that the rear exit was also blocked by fire. The

---

[2] Repealed by St. 1972, c. 802, § 28.

plaintiffs feared to jump to the ground, and could hear the sirens of approaching fire engines coming to the rescue, but the absence of any fire fighting apparatus prevented them from beating back the flames and gaining some breathing space until the fire apparatus arrived. They jumped, leaving behind Sallie's crippled sister, who was ultimately rescued unharmed by the fire fighters.

It seems clear enough that the landlord violated G. L. c. 143, § 24, which required that each story of a building subject to G. L. c. 143, § 21,[3] "shall be supplied with means of extinguishing fire . . . and such appliances shall be kept at all times ready for use and in good condition." The violation was evidence of negligence. *Wainwright* v. *Jackson*, 291 Mass. 100, 102 (1935). See *Lindsey* v. *Massios*, 372 Mass. 79, 83 (1977). The defendant argues, however, as the Appeals Court held, that there was no evidence that the absence of fire extinguishers was a contributing cause of the plaintiffs' injuries, relying on *Wainwright* v. *Jackson, supra.*

In *Wainwright* v. *Jackson*, as in the present case, the plaintiff was injured by reason of jumping from a second-story window to escape injury by fire. The trial judge said that he was "unable to find affirmatively" that the defendant landlords' violation of G. L. c. 143, § 24, was causally related to the plaintiff's injuries, "since there was no evidence that the plaintiff or any of the other tenants tried to use a fire extinguisher or even to find one to use as a means of protection when the fire broke out." *Id.* at 101. We affirmed the decision: "The trial judge was not required to find that the violation of the statute by the defendants had a causal connection with the harm to the plaintiff. Whether it did or not was a question of fact. The circumstances of the fire already narrated warranted the finding of the trial judge." *Id.* at 103.

---

[3] Section 21 applied to an "apartment house . . . which has eight or more rooms above the second story, or in which ten or more persons . . . reside above the second story."

In the present case, there was evidence that the plaintiffs, trapped in the building, "started trying to find something to put the fire out." The judge found that they were well aware that there were no fire extinguishers on the second floor, and that they "had no occasion to scout around, seeking out fire fighting apparatus that they knew was not present." He also found that fire extinguishers "could well have provided the extra margin of safety necessary to make remaining in the second story bedroom a viable alternative until rescue by the fire department occurred." Whether the statutory violation was a contributing cause of the plaintiffs' injuries was a question of fact and the judge's finding that it was must stand unless "clearly erroneous." Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974). We conclude that it was not clearly erroneous.

In view of that conclusion, we need not consider the judge's alternative conclusion that the defendant was subject to liability by reason of her removal of the fire escape.

The judgment of the Superior Court is affirmed.

*So ordered.*