Lauriat, J.
The plaintiff Josephine Johnson (“Johnson”) brought this action against the defendant Twin Bakery, Inc. (“the Bakery”) and its landlords, defendants Salvatore Marcoccio and Anthony Marcoccio, to recover damages for injuries that she allegedly suffered when she tripped and fell through a plate glass window while entering the Bakery on March 3, 1990. She has asserted claims of common law negligence and strict liability for violation of the state building code, G.L.c. 143, §51.
The defendant Bakery has now moved to dismiss the plaintiffs strict liability claim against it under G.L.c. 143, §51 (Count VI) on the ground that the statute does not give rise to a separate, independent cause of action. For the following reasons the defendant Bakery’s motion to dismiss Count VI must be denied.
DISCUSSION
“A complaint should not be dismissed [under Mass.R.Civ.P. 12(b)(6)] for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Haggerty v. Globe Newspaper Co., 383 Mass. 406, 408 (1981), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
General Laws c. 143, §51 (1990 ed.) provides in pertinent part that:
The owner, lessee, mortgagee in possession or occupant, being the party in control of a place of assembly, theater, special hall, public hall, factory, workshop, manufacturing establishment or building shall comply with the provisions of this chapter and the state building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions . . .
The plaintiff alleges in Count VI of her complaint that the defendant Bakery is strictly liable to her under G.L.c. 143, §51 for its “failure to provide a safe entryway with appropriate safety or tempered glass thereby violating the State Building Code . . .”
The issue before the court appears to be a matter of first impression, since there are no reported cases in Massachusetts which decide the issue of whether G.L.c. 143, §51 gives rise to a separate, independent cause of action. However, to the extent that the Su *480 preme Judicial Court has provided any guidance, it appears that such a cause of action, in strict liability, might well be recognized. In St. Germaine v. Pendergast, 411 Mass. 615 (1992), the court stated that “General Laws c. 143, §51, can, in appropriate circumstances, provide a basis for civil liability in damages,” but the court did not further enumerate or describe those circumstances.[1] More recently, in St. Germaine v. Pendergast, 416 Mass. 698 (1993), in which the Supreme Judicial Court declared unconstitutional a 1992 amendment to G.L.c. 143, §51, the Court stated that “although G.L.c. 143, §51 (1990 ed.), could provide the basis for civil liability in some circumstances, . . . §51 did not apply to a single-family home under construction.” In a concurring opinion in that case, Justice O’Connor noted that “under [G.L.c. 143, §51 (1992 ed.)], if it were constitutional, the plaintiffs strict liability claims would likely prevail...”
Although neither of these decisions clearly authorizes a cause of action in strict liability under G.L.c. 143, §51, neither do they preclude such a claim. If anything, the Supreme Judicial Court appears to suggest that a separate and independent cause of action under G.L.c. 143, §51 may indeed be viable. And since a complaint should not be dismissed if it could support relief under any theory of law, even a new or extreme theory of liability, Witinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979), and New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988), the defendant Bakery’s motion to dismiss Count VI against it in this case must be denied.
ORDER
For the foregoing reasons, the defendant, Twin Bakery, Inc.’s Motion to Dismiss Count VI of Plaintiff s Complaint is DENIED.

 The Court in St Germaine distinguished an action brought under this statute from one brought for alleged violations of the provisions of the State Building Code or related rules or regulations. “We do not construe a safety statute to establish a new cause of action without express terms or clear legislative intent.” St. Germaine v. Pendergast, 411 Mass. at 620, quoting Lindsey v. Massios, 372 Mass. 79, 84 (1977).