Neel, J.
On August 31, 1979, plaintiff David Flood was stabbed in the heart by John Darcy, a boyhood friend, outside defendant Southland Corporation’s 7-Eleven convenience store in Wakefield, Massachusetts. Plaintiff, who survived, sued Southland for negligence and nuisance, and Darcy for negligence. The first trial in 1989 ended in a verdict against both Darcy and Southland on the negligence claims, and for Southland on the nuisance claim-. The jury assessed damages of $ 1,763,00o.[1]
Southland appealed. The Appeals Court reversed and remanded for new trial on liability, but left intact the damages award. The Supreme Judicial Court affirmed. Flood v. Southland Corp., 33 Mass.App.Ct. 287 (1992), aff'd., 416 Mass. 62 (1993).
At the retrial of the liability portion of this case in March 1995 against Southland (Darcy having settled), the juiy returned a verdict in favor of plaintiff on his claims of negligence and nuisance. The jury found that, as between plaintiff and defendant Southland (“defendant”), plaintiff was forty-five percent negligent, and defendant was fifty-five percent negligent. Judgment entered for the full amount of damages as determined at the first trial, without reduction for plaintiffs comparative negligence. Defendant moves for judgment notwithstanding the verdict, for a new trial, and for an order altering or amending the judgment to reflect both the amount paid by Darcy in settlement, and plaintiffs comparative negligence. After hearing and consideration of the parties’ submissions, the first two motions are denied, and the third is allowed. Several of the issues argued by the parties are discussed below.
I. Motion for Judgment Notwithstanding the Verdict
Defendant argues that the evidence was legally insufficient to warrant a judgment that defendant maintained either a public or private nuisance on its premises in Wakefield.[2] Plaintiff waived any claim of private nuisance at trial, and the Court instructed the jury that there was no claim for private nuisance before them.. As for public nuisance, defendant argues that plaintiff failed to present evidence sufficient to prove the elements set out in Connerty v. Metropolitan District Commission, 398 Mass. 140, 147-48 (1986).[3] The Court disagrees. There was sufficient evidence of rowdy youths gathering at defendant’s convenience store at and before the time of the stabbing for the jury to consider whether defendant interfered with the exercise of a public right by causing a common injury. Prosser and Keeton cite, as examples of such injury, various interferences with the public peace or public convenience. W. Prosser & W. Keeton, Torts, §90, at 644-45 (5th ed. 1984). Moreover, there was clearly special injury to plaintiff different in type from the general harm to public peace and convenience. Id. at 648 (“Where the plaintiff suffers personal injury, or harm to his health, or even mental distress, there is no difficulty in finding a different kind of damage”); Restatement (Second) of Torts, §821C, at 96 (1979).
*114 Defendant also argues that, because plaintiffs injury occurred.on private rather than public land, he cannot prove a claim for public nuisance. Defendant relies on Lindsey v. Massios, 372 Mass. 79, 84-85 (1977). The plaintiff in Lindsey claimed that, while visiting a tenant in defendant’s building, she fell in a poorly lit stairway. She sued for negligence and for nuisance under G.L.c. 144, §88.[4] The Supreme Judicial Court, extending the reasonable care standard of Mounsey v. Ellard, 363 Mass. 693 (1973), to guests of tenants, reversed judgment for defendant on the negligence claim and remanded for new trial. The court refused to recognize plaintiffs nuisance action under c. 144, however, because “we find no clear legislative intent to create a cause of action in nuisance for personal injuries sustained on private property.” Lindsey, supra, at 84-85.[5] The issue before the court in Lindsey was not whether an injury on private property could support a common law claim of public nuisance, but whether the legislature had created a statutory cause of action for such an injury under G.L.c. 144, §88.
Lindsey does appear to support defendant’s argument on the locus of injury issue insofar as the court characterizes “common or public nuisance” as “a common law doctrine prohibiting conditions on private property which dangerously affect the public domain, and permitting recovery for personal injuries sustained on public properly because of such property conditions” (emphasis added), id. at 84, citing Pritchard v. Mabrey, 358 Mass. 137, 142-43 (1970). Such support is considerably weakened, however, when the court’s characterization is viewed in light of Pritchard and the facts of Lindsey itself.
The plaintiff in Pritchard slipped and fell on ice on a public sidewalk, and sued the owner of the adjacent building for negligence and public nuisance. The jury found for defendant on the negligence claim, and for plaintiff on the nuisance claim. The Supreme Judicial Court affirmed, over defendant’s exceptions, on the ground that defendant failed properly to preserve his rights on appeal. The court also took the opportunity to discuss and reject the suggestion in earlier cases that, where a plaintiff claims injury on public property resulting from a defendant’s public nuisance, negligence need not be proved. Instead, the court held, a plaintiff is not entitled to recover “on these allegations” unless he proves “that the condition which he alleges to be a nuisance was caused by the wrongful conduct, either negligent or intentional, of the defendants.” Pritchard, 358 Mass., at 144.
The court in Pritchard also notes that, in an earlier case, it had declined to apply the (now abandoned) “rule of liability for nuisance without proof of negligence to a case of injuries sustained on private property.” Id., at 143. That comment suggests that liability for nuisance with proof of negligence for injuries sustained on private property is, or may be, established under Massachusetts law.
In any event, this court concludes that in Lindsey— where the plaintiff sought to establish a statutory private right of action for public nuisance apart from any common law requirement that defendant’s wrongful conduct be proved — the Supreme Judicial Court did not hold, or state as the law, that no common law claim for public nuisance could be maintained where the plaintiffs injury occurred on private property. This conclusion finds support in those cases and commentators which focus on the nature of the. harm to a plaintiff, rather than where it occurred, to determine whether it supports a claim for public nuisance. For example, more abstract, less site-specific injuries like mental distress and pecuniary loss can satisfy the requirement of special harm. W. Prosser & W. Keeton, supra, §90, at 648-50; Restatement (Second), supra, §821C. Indeed, Connerty, supra, states that the interference with the public right may occur “by directly encroaching on public property or by causing a common injuiy.” Id., at 148 (emphasis added). If the common injury can occur on private property, as the quoted language implies, surely the special harm to a plaintiff can also.[6]
Accordingly, the Court concludes that the evidence was sufficient to warrant a judgment for plaintiff on the claim of public nuisance.
II. Defendant’s Motion to Alter or Amend the Judgment
Defendant moves to alter or amend the judgment on two grounds. Plaintiff does not dispute the first, that the judgment should be reduced by the $50,000 settlement paid by former co-defendant John Darcy.
Plaintiff does contest defendant’s second ground, that the judgment should be reduced by plaintiffs forty-five percent comparative negligence as found by the jury. Plaintiff does not argue strenuously that, where public nuisance liability is based on a defendant’s negligence, plaintiffs comparative negligence should not reduce the award.[7] Rather, plaintiff argues that “at no time prior to the time that the jury retired for its deliberations on March 27, 1995, did defendant Southland Corporation ever contend that comparative negligence was a defense to plaintiffs nuisance claim.” Plaintiffs Opposition to Defendant’s Motion to Alter or Amend the Judgment, at 1-2.
Plaintiffs argument, even if technically correct, does not compel a ruling in plaintiffs favor. Defendant timely asserted comparative negligence as a defense to the negligence claim, and the issue of plaintiffs comparative negligence was fully contested at trial. If the jury’s verdict on the nuisance claim rests (or, on the evidence presented, as a matter of law could only rest) on defendant’s negligence, then there is no difference between the two claims that is meaningful for purposes of this discussion, and no just reason why comparative negligence should not be a defense to *115 both. Plaintiff has shown no prejudice resulting from failure of the special juiy verdict form to require consideration of comparative negligence following the questions on nuisance, after the jury had already considered it as one of the questions on negligence.
Plaintiff further argues that, in any event, “the juiy could have determined that defendant’s nuisance was based on conduct other than negligence [i.e., reckless or intentional conduct], to which comparative negligence would not be a defense ...” Id., at 3. The crucial question, then, is whether the evidence supports a nuisance verdict based not on negligence, but on reckless or intentional conduct.
No credible evidence was presented at trial that defendant’s wrongful conduct was intentional. Nor does the evidence of defendant’s conduct support a finding that defendant acted recklessly. “[T]here is nothing to show that this [defendant’s] conduct was wanton or reckless in that in the face of a known or obvious risk [it] intentionally persisted in conduct involving a high degree of probability that substantial harm would result to another.” Desmond v. Boston Elevated Railway, 319 Mass. 13, 15-16 (1946) (citation omitted).
Plaintiff presented his case to the jury as one of negligent conduct supporting two theories of liability. It may be overstatement to characterize the nuisance claim as an afterthought, but a claim of nuisance on any basis other than negligence simply does not comport with the case which the jury heard. Accordingly, the Court rules as a matter of law that the evidence at trial was sufficient to warrant a nuisance verdict on the basis of negligence, and was insufficient to warrant a nuisance verdict on the basis of reckless or intentional conduct. Comparative negligence is therefore available as a defense to the verdict on public nuisance.
ORDER
The defendant’s motions for judgment notwithstanding the verdict and for new trial are DENIED. The defendant’s motion to alter or amend the judgment is ALLOWED.

Before any reduction for plaintiffs comparative negligence, assessed by that jury at twenty-five percent.

Defendant argued against allowing the nuisance claim to go forward on the separate ground that the first jury found against plaintiff on that count, and that plaintiff did not appeal that judgment. Plaintiff argued that the entire judgment on liability was vacated on appeal, and that both the negligence and nuisance claims were to be retried. To reduce the risk that a subsequent, separate trial on the nuisance claim would be necessary, the court ordered that both claims would be presented to the jury.

Connerty, supra at 148, states:
A nuisance is public when it interferes with the exercise of a public right by directly encroaching on public property or by causing a common injury. To maintain a public nuisance action, a plaintiff must show that the public nuisance has caused some special injury of a direct and substantial character other than that which the general public shares. Stop & Shop Cos. v. Fisher, 387 Mass. 889, 894, 899 (1983). W. Prosser & W. Keeton, [Torts (5th ed. 1984)] at §90, at 650. If such a special injury has occurred, a private plaintiff may recover for injuries caused by a public nuisance even though the injury did not involve any interference with the use of land in which the plaintiff had a property interest. . . such a particularized injury, however, the remedy for a public nuisance must be sought by public authorities. W. Prosser & W. Keeton, supra at §90, at 646 & n. 41.

G.L.c. 144, §88 provided, inter alia, that a violation by a building owner of §61, pertaining to lighting of building interiors, is a nuisance which may be abated by action of the board of health. G.L.c. 144, §88 was repealed by St. 1976, c. 536, §1.

Defendant recites this holding somewhat differently, without reference to the statute at issue in Lindsey, and therefore too broadly: “The Supreme Judicial Court (in Lindsey) refused to recognize ‘a cause of action in [public] nuisance for personal injuries sustained on private property.’ ” Defendant’s Memorandum in Support of its Posttrial Motions, at 14.

Cf. W. Prosser & W. Keeton, supra, §90, at 648 (special harm may be found “where there is any substantial interference with the plaintiffs use and enjoyment of his own land . .. This makes the nuisance a private as well as a public one . . .”).

See Restatement (Second), supra, §840B(1) (“When a nuisance results from negligent conduct of the defendant, the contributoiy negligence of the plaintiff is a defense to the same extent as in other actions founded on negligence”); cf. Mathis v. Massachusetts Electric Co., 409 Mass. 256, 260-61 (1991) (citing W. Prosser & W. Keeton, supra, §59, at 401-02, for principle that “attractive nuisance doctrine gives child trespasser much of the protection of ordinaiy negligence doctrine,” and holding that, because child trespasser statute, G.L.c. 231, §85Q, creates liability based on negligence principles, the comparative negligence defense is available to defendants).