Brennan, J.
Aggrieved by the trial judge’s allowance of Defendants’ Motion for Summary Judgment the plaintiff filed this appeal pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal. The facts necessary for an understanding of this appeal are as follows:
On or about August 9,1998, Barbara Giguere (hereinafter, the plaintiff) was an invited guest at the home of Honora Sheridan and Rosemary Beldon (hereinafter, the defendants). On the date in question plaintiff had been swimming in defendants’ pool. After exiting the pool plaintiff entered defendants’ home in order to use the bathroom. Further, there was evidence that defendants owned a number of cats and that plaintiff was familiar with these pets, having visited defendants’ home on other occasions. Plaintiff entered defendants’ home through the back doorway, which led into a dark entryway into the kitchen. Evidence was presented which showed that defendants customarily fed their cats on the right hand side of this entryway. Evidence was similarly presented to indicate that plaintiff was aware of the location of the feeding bowl and that, in fact, on the date in question she saw the cats at the feeding bowl as she entered the hallway. Plaintiff had been in defendants’ kitchen on other occasions and she was familiar with the cats owned by the defendants. In fact, plaintiff is the sister of one of the defendants. Plaintiff saw the cat in question when she entered the kitchen and she attempted to walk around it, when she stepped on the cat’s tail and fell down.
On or about March 18,1999, plaintiff filed suit alleging negligence and violation of M.G.L.C. 143, §51. On March 13,2000, defendants filed a Motion for Summary Judgment in which they argued that M.G.L.C. 143, §51 did not apply to private residences and, with respect to the count in negligence, that defendants had breached no duty owed to plaintiff
On April 10,2000, the defendants’ Motion for Summary Judgment was allowed. The trial judge wrote that “no reasonable/fair minded juror could find that defendants had breached a duty to plaintiff by failing to ‘control’ a cat that was open and obvious to plaintiff.” On count II the trial judge endorsed that “M.G.L.c. 143, §51 is not applicable to single family house. Santos v. Bettencourt, 49 Mass. App. Ct. 90 (1996).” Plaintiff appealed, stating that the trial judge erred by relying on an incorrect standard of review.
It is well settled that summary judgment is properly granted when there are no material facts in dispute and that in order to prevail on a Motion for Summary Judgment the moving party must prove that there are no material facts in dispute. In addition, in order to prevail on a Motion for Summary Judgment the moving *100 party may demonstrate the absence of a triable issue by proving that “proof of the essential element of the opponent’s case is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Once this has been done, in order to defeat the Motion for Summary Judgment die opposing party must establish the existence of a genuine material fact Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
In reviewing a grant of summary judgment, the appellate court must determine “whether viewing the evidence in the light most favorable to the non-moving party, all material facts have been established and the moving party is entitled to judgment as a matter of law.” Judson v. Essex Agric. & Tech Inst., 418 Mass. 159, 162. Simply put in a Motion for Summary Judgment the moving party bears the burden of establishing the absence of triable issues and that they are entitled to judgment as a matter of law. In deciding a Motion for Summary Judgment, the trial judge may consider pleadings, depositions, answers to interrogatories, admissions on file and affidavits. M of the evidence considered must be reviewed in the light most favorable to the non-moving party. Finally, if there is a genuine issue as to any material fact, a Motion for Summary Judgment must be denied.
Plaintiff asserts, as grounds for her appeal, that the trial judge erred by applying the standard for a directed verdict rather than the standard required for summary judgment. Plaintiff argues that if the proper standard had been applied defendants’ Motion for Summary Judgment should have been denied because the question of defendants’ negligence is a question of fact Plaintiff asserts that it was negligent for the defendants to allow a large cat to obstruct a passageway to a restroom. Plaintiff further asserts that the failure of defendants to control their pet is a question of fact that must be decided by a trier of fact In addition, plaintiff states that placing feeding bowls in an entrance area was negligent Plaintiff offers the following as “material facts”:
1. That Ms. Giguere dried off before entering the house (compare Exhibit 3, Giguere Depo. 25/6-12; 88/15-16 versus Exhibit 4, Beldon Depo. 40/13-16).
2. That Ms. Beldon was at the counter feeding her cat at the time of the fall (compare Exhibit 3, Giguere Depo. 32/14 versus Exhibit 4, Beldon Depo. 31/24-33/1).
3. That Ms. Giguere was at the feeding bowls for the cats when she fell (compare Exhibit 4, Beldon Depo. 34/8-35/13 versus Exhibit 3, Giguere Depo. 37/3-21).
4. That a cat was present at the scene of Ms. Giguere’s fall (compare Exhibit 3, Giguere Depo. 32/14 versus Exhibit 4, Beldon Depo. 34/845/ 13).
Defendants argue that these facts may be disputed but that they are, in no way material. Further, the trial judge, in his findings, stated that the cat in question “... was open and obvious to the plaintiff.” Clearly, the trial judge considered that there were no material facts in dispute.
Secondarily, as proof of negligence plaintiff relies on 780 C.M.R 1028.1, which provides that
It shall be unlawful to obstruct, or reduce in any manner the clear width of a doorway, hallway, passageway or other means of egress required by the provisions of 780 C.M.R.
It is well established that a violation of any law or statute may only be relied on as evidence of negligence if it involves the consequences or behavior addressed *101 by the statute. Here, the plaintiff was not attempting to exit from defendants’ property.
Plaintiffs appeal rests on the trial judge’s endorsement that “no reasonable/fair minded juror could find that defendants had breached a duly to plaintiff by failing to ‘control’ a cat that was open and obvious to plaintiff.” This does not mean that the trial judge did not apply the standard for summary judgment It is most likely that he applied the correct standard and went beyond to state that, essentially, there was no reasonable possibility that the plaintiff could prevail.
However, a review of tire record substantiates the defendants’ claim that there are no genuine issues of material fact in dispute and that, in the light most favorable to the plaintiff non-moving party, all material facts have been established and the defendant is entitled to judgment as a matter of law.
For the above reasons, the appeal is dismissed.