Wheatley, RJ.
In her complaint, lisa Lopez (Lopez) seeks to recover damages for injuries resulting from her slip and fall on ice on the defendants’ (the Hewetts) premises. Lopez here, under Dist/Mun. Cts. R A D. A, Rule 8A appeals the trial judge’s allowance of the Hewetts’ motion for summary judgment We affirm the decision.
On January 26,2000, at approximately 8:00 a.m., Lopez, a tenant at the Hewetts’ premises in Norwood, stepped out other front doorway and slipped and fell on ice on a stairway platform, striking her lower back on the doorsill. The temperature was approximately 30 degrees. On the day before, five inches of snow had fallen, and on the day of the fall, there was a trace of snowfall, but the rain and sleet of the preceding evening had ended before she left the house. During these days, the temperature had ranged from a low of 21 degrees to a high of 33 degrees.
Lopez and her husband had lived at the Norwood property for approximately two years. The lease between Lopez and the Hewetts was silent as to the obligation for snow and ice removal. It was the custom and practice for Mr. Hewett to have a person come in to take care of the walkways during snow and icy conditions, but sometimes the man came and plowed the driveway and sometimes he did not. Nobody actually took care of the front walkway. Lopez and her husband used the back stairway to get in and out of their apartment on a day-to-day basis. There is no evidence as to when the ice on the walkway in question had formed or how long it had existed on the platform before the fall.
Summary judgment is a “device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved. [Citations omitted] The motion for summary judgment is in order if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). Mass. R. Civ. R, Rule 56(c), 365 Mass. 824 (1974). The burden is on the moving party to demonstrate the absence of a triable issue by proving that proof of the essential elements of the opponent’s case is unlikely to be forthcoming at trial. Giguere v. Sheridan, 2001 Mass. App. Div. 99.
Lopez makes no allegation of an underlying defective condition of the platform which might have caused ice to develop or her to fall. Moreover, she does not allege that the ice that caused her to fall was an unnatural accumulation. She bases her claim on a violation by the Hewetts of a duty created by the State Sanitary Code (the Code) which requires the landlord of premises to keep “[a] 11 exterior stairways and fire escapes ... free of snow and ice.” 105 Code Mass. Regs. §410, *144 452 (1997); 780 Code Mass. Regs. §805.2, recodified as 780 Code Mass. Regs. §1028.2. The issue, then, is whether the Hewetts violated the Code and, in doing so, were negligent.
A violation of a safety statute, ordinance or regulation could be relied upon as evidence of negligence with regard to duties imposed by common law on the Hewetts. Lindsey v. Massios, 372 Mass. 79, 84 (1977). However, the Code does not “establish a new civil cause of action without express terms or clear legislative intent to the effect.” St. Germaine v. Pendergast, 411 Mass. 615, 620 (1992); Lindsey, supra; Richmond v. Warren Inst. for Sav., 307 Mass. 483, 485 (1940).
The defendants were obligated to maintain their premises in a reasonably safe condition in view of all the conditions. Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 592 (1994); Mounsey v. Ellard, 363 Mass. 693, 708 (1973). However, as a general rule, the duty of reasonable care does not obligate an owner or occupier of land to remove a natural accumulation of snow and ice. Anderson v. Fox Hill Village Homeowners Corporation, 424 Mass. 365, 367 (1997); Sullivan v. Town of Brookline, 416 Mass. 825 (1994); Gamere v. 236 Commonwealth Ave. Condominium, 19 Mass. App. Ct. 359, 362 (1985). Under Massachusetts law, landowners are liable only for injuries caused by defects existing on their property and ... the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect at all.” Aylward v. McCloskey, 412 Mass. 77, 79 (1992). “It is common knowledge that in this climate ... a number of conditions might exist which within a very short time could cause the formation of ice ... without fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even to ascertain its presence.” Collins v. Collins, 201 Mass. 151, 152 (1937).
The creation of the State Building Code did not alter the common law principle that there is no liability in negligence for a landowner’s failure to remove a natural accumulation of ice and snow. Rossi v. Oceanview Country Club, 1997 Mass. App. Div 197, n.2. “We reject, as an initial matter, the notion that any of the provisions of the building Code and other rules and regulations relied on by the plaintiffs create a new duty making a homeowner liable for violations of the State Building Code.” St. Germaine, supra. The Code does not in express terms attempt to modify or affect in any way the relations between landlord and tenant as they exist at common law. See Vallen v. Cullen, 238 Mass. 145, 148 (1921). Therefore, because there is no obligation on the Hewetts’ part under the common law concerning the removal of a natural accumulation of ice and snow and no further obligation imposed by the Code, there is no evidence evincing liability on the part of the Hewetts.[1]
Accordingly, we affirm the motion judge and this appeal is dismissed.
So ordered.

 This analysis obviates any necessity of determining if the Hewetts breached their general duty of reasonable care. We note, however, that an examination of the complete record reveals no evidence that the Hewetts caused the ice to be on the steps, or that the Hewetts knew that ice was on the steps and had a reasonable time to clean it off and did not, or that there was ice on the steps for such a period of time that would indicate that the Hewetts should have known about it and did not clear it off. See Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263 (1961).