Agnes, A.J.
*299 1. Introduction
This is a civil action in which the plaintiff, Patricia E. Malonson, is the grandmother of the tenant in a building owned by defendant Martha Arsenault and managed by defendant Tousignant. The plaintiff alleges that, on September 27, 1999, while on the premises as the guest of her grandaughter-tenant, she suffered serious physical injuries when one of the front steps of the outdoor porch stairs broke, causing her to fall and to suffer breaks in both of her ankles. The plaintiffs complaint alleges negligence and a violation of G.L.c. 93A against each of the defendants. The defendants, Tousignant and Tousignant, Inc., Realtors, have filed motions for summary judgment under Mass.R.Civ.P. 56 on grounds that an action under G.L.c. 93A cannot be maintained by the guest of a tenant against a property owner or property manager.
2. Background
The parties agreed at oral argument that certain facts could be assumed for purposes of the defendants’ Rule 56 motion. While the precise role played by defendants Tousignant and Tousignant, Inc., Realtors with respect to the premises in question is not entirely clear, the parties agreed that the court could assume that the defendants stand in the same shoes as the owner of the property.[1] Based on the facts presented at the motion hearing, viewed in the light most favorable to the plaintiff, it appears that, at the time the premises were rented by the tenant, the condition of the premises was substantially below the standards required by law. Among other things, the roof leaked, the hot water tank leaked, there was faulty wiring, there were rodents, plumbing problems, cracked ceilings, leaking windows and problems with the porch and outside stairs where the accident took place. There also is evidence that the tenant brought these problems and concerns to the attention of the defendants and that they were noted in the written agreement signed by the parties. However, no corrective action was taken between the signing of the agreement and the plaintiffs injury several weeks later. At the time of her injury, the plaintiff was visiting her granddaughter and carrying one of her great grandchildren down the stairs and out to her automobile.
In the landmark decision in Mounsey v. Ellard, 363 Mass. 693 (1973), the Supreme Judicial Court replaced the archaic, feudal architecture of Massachusetts premises liability law, one that historically favored the property interests of landowners over the interest of individuals in maintaining their personal safety, with a new model. “(In Mounsey] [w]e announced a new rule that occupiers owe a duty of reasonable care to all lawful visitors without regard to their common law status as invitees or licensees.” Lindsey v. Massios, 372 Mass. 79, 82 (1977). In the Lindsey case, the Court applied the reasoning of Mounsey to guests of the tenant in terms that are pertinent to the question in this case:
3. Discussion
A. Summary Judgment Standard
The court follows the familiar standard with respect to motions under Mass.R.Civ.P. 56. Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.R 56(c). Also, summary judgment may be granted against the moving party, and may be granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of estab lishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. In assessing whether each party has met its burden, the court is not permitted to weigh the evidence, to determine the credibility of any witnesses or make any findings of fact. Kelly v. Rossi, 395 Mass. 659, 663 (1985). Moreover, “(t]he evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony’s Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass’n of Gov’t Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert, denied, 446 U.S. 935 (1980). However, “[a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, 410 Mass, at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
B. Whether a Tenant’s Guest May Maintain an Action Against the Landlord/owner for Injuries Resulting from Defects in the Premises under G.L.c. 93A
The Mounsey rule and its underlying policy rationally apply to all persons whose only relationship to premises on which they are injured is that of lawful visitor. Modem values and the realities of urban living favor protection of personal safety over rights of absolute property control and demonstrate no logical basis for distinguishing among persons who enter private property for various legitimate purposes. Neither the landowner’s conduct in maintaining premises in his control nor the visitor’s need for legal protection of his safety depends on the visitor’s status as business acquaintance, social acquaintance or public official. Similarly, the status of the person visited, landowner or lessee, should not affect the visitor’s right to personal safety or the landowner’s obligation reasonably to maintain premises in his control.
Therefore, we no longer follow the common law rule that a landlord owes to his tenants’ visitors the same duty he owes to his tenants concerning the maintenance of common passageways in his control. The landowner’s duty of reasonable care in *300 maintaining property he controls extends to all lawful visitors on his premises, including the lawful visitors of his tenants.
Lindsey, 372 Mass, at 82. The rule in Lindsey applies to guests and visitors of tenants who are injured in common areas under the landlord’s control. This rule was later extended to apply to injuries that occur as a result of the landlord’s negligence in non-common areas rented to tenants. Young v. Garwacki, 380 Mass. 162, 168 (1980). In Young, the court reiterated earlier observations it had made about the outmoded nature of the traditional rules governing premises liability and added that “(t]he practical result of this archaic rule has been to discourage repairs of rented premises.” IcL The purpose of cases like Mounsey, Lindsay, and Young, then, is “to protect all persons against the risk of physical injuiy.” Mahoney v. Baldwin, 27 Mass.App.Ct. 778, 781 (1989).
Massachusetts law, as set forth in 940 C.M.R. §3.17, provides that it is an unfair and deceptive act or practice for a landlord/landowner to
(a) Rent a dwelling unit which, at the inception of the tenancy [1.] contains a condition which amounts to a violation of law which may endanger or materially impair the health, safeiy, or well-being of the occupant; or (2.) is unfit for human habitation; [or to] (b) [flail, during the terms of the tenancy, after notice is provided in accordance with M.G.L c. 111, §127L, to [ 1.] remedy a violation of law in a dwelling unit which may endanger or materially impair the health, safety, or well-being of the occupant, or [2.] maintain the dwelling unit in a condition fit for human habitation; provided, however, that said violation of law was not caused by the occupant or others lawfully upon said dwelling unit...
940 C.M.R §3.17. On the record before me, the plaintiff has alleged facts which, if believed, fall within the ambit of 940 C.M.R §3.17 and establish that the defendants were seriously at fault in failing to bring the plaintiffs grandaughter’s apartment into habitable condition and to keep it so. See Dorgan v. Loukas, 19 Mass.App.Ct. 959, 969 (1985). The question, therefore, is whether the plaintiff has standing to bring a G.L.c. 93A action against the landlord of the tenant she was visiting.
In Leardi v. Brown, 394 Mass. 151, 159 (1985), aclass of tenants brought an action against their landlord under G.L.c. 93A, §9, claiming that they had been injured by the use of deceptive and illegal clauses in the defendant’s standard apartment lease. In holding that an illegal lease term constituted an injury within the meaning of G.L.c. 93A, the Supreme Judicial Court noted, “we have traditionally been zealous in protecting tenants who have shown that landlords, for whatever reason, fail to fulfill the obligations imposed upon them by statute and decisional law.” The defendant maintains that Leardi should be read to impose a limitation on .the liability of a landlord under G.L.c. 93A to suits brought by tenants. However, there is nothing to that effect in the decision. Nor is there anything in G.L.c. 93A evidencing an intention on the part of the legislature to limit the liability of a landlord to injuries suffered by tenants or other occupants of the premises. Such a narrow reading of Leardiis inconsistent with the evolving trend of premises liability law in Massachusetts and the recognition that the question of overriding importance in this context is whether the landlord/landowner acted reasonably under the circumstances.
The plaintiff is a natural person within the meaning of G.L.c. 93A, §1(a). She alleges that she was injured as a direct result of the defendants’ unfair or deceptive act or practice in renting an apartment that was plainly in violation of state laws relating to safety and habitability of premises. Under the 1979 amendment to G.L.c. 93A, §9(1), St. 1979, c. 406, §1, “[a]ny person . . . who has been injured by another person’s use or employment of any method, act or practice declared to be unlawful by section 2 or any rule or regulation issued thereunder” may maintain an action and recover damages against the party who engaged in the unfair or deceptive act or practice (emphasis added). G.L.c. 93A, §9 does not require that the plaintiff have any contractual relationship with the defendant. Maillet v. ATF-Davidson Co., 407 Mass. 185, 191 (1990) (holding that employee injured by printing press had standing to sue manufacturer under G.L.c. 93A). Modem premises liability cases like those discussed herein establish that the plaintiff was not a person outside the scope of the warranty running between the tenant and the landlord. Id. at 191 n. 9. Just as the insured’s parent and the parent’s housemate in Ellis v. Safety Insurance Co., 41 Mass.App.Ct. 630, 639 n. 13 (1996), had standing to maintain a G.L.c. 93A claim even though they had not purchased the insurance policy that gave rise to the tortious conduct by the defendant, the guest of a tenant injured as a direct result of the landlord’s unfair and deceptive acts and practices in renting an apartment that is dangerously uninhabitable has standing to sue the landlord/landowner.
4. Conclusion.
The proper disposition of the ultimate issues in this case, as well as the existence and measure of damages, if appropriate, require the resolution of genuine issues of material fact — a resolution that can only be accomplished following trial on the merits. Ellis, 41 Mass.App.Ct. at 637-38 (1996).
ORDER
For the above reasons, defendants’ motion for summary judgment is DENIED.

 There is evidence that the defendant Tousignant and/or Tousignant, Inc., Realtors represented themselves as the “landlord” or “rental agent” for the premises, and that the tenant and defendant Arsenault signed a lease for the premises several days after the prior tenants were evicted.