BRIDGET McBARRON & another[1] *vs.* WILLIAM LENAHAN.

No. 01-P-949.

Bristol. March 4, 2003. - May 30, 2003.

Present: KAFKER, KASS, & GREEN, JJ.

*Negligence,* Attorney at law. *Attorney at Law,* Malpractice. *Limitations, Statute of. Evidence,* Expert opinion.

In an action by plaintiffs for malpractice against their former attorney after their tort action against a third party had been dismissed on statute of limitations grounds, the judge erred in dismissing the plaintiffs' malpractice complaint on the defendant's cross motion for summary judgment based on the judge's conclusion that this court's memorandum and order in *Mc-Barron v. Arena,* 45 Mass. App. Ct. 1124 (1998), determined that the plaintiffs' complaint in the tort action (filed by successor counsel after the plaintiffs had discharged the defendant) had been timely filed, where this court's order decided only that the record raised disputed material facts about whether the action had been timely filed, thus precluding summary judgment on that question; where, regardless of the ultimate determination of the statute of limitations question, uncertainty over the timeliness of the plaintiffs' complaint caused them to accept a lower settlement than they would have achieved had there been no statute of limitations issue; and where affidavits of an expert were not required in opposition to the defendant's cross motion, as contended by the defendant, to establish that the defendant's negligence caused their loss. [229-230]

CIVIL ACTION commenced in the Superior Court Department on March 17, 1997.

Following review by this court, 45 Mass. App. Ct. 1124 (1998), the case was heard by *John A. Tierney,* J., on motions for summary judgment.

*David L. Kelston* for the plaintiffs.

*Michael Weinberg (John E. Matosky* with him) for the defendant.

GREEN, J. The plaintiffs brought this legal malpractice action

---

[1]Charles McBarron.

against their former attorney after their tort action against a third party was dismissed on statute of limitations grounds. The judgment dismissing the tort action was later reversed on appeal. *McBarron* v. *Arena*, 45 Mass. App. Ct. 1124 (1998). A judge of the Superior Court then dismissed the plaintiffs' malpractice complaint on the defendant's cross motion for summary judgment based on his conclusion that our order in *McBarron* v. *Arena*, *supra*, determined that the plaintiffs' complaint in the tort action (filed by successor counsel after the plaintiffs had discharged the defendant) was timely filed. We reverse.

A. *Background.* In the summer of 1986, gasoline odors detected on a neighbor's property prompted notification to the Massachusetts Department of Environmental Protection. Environmental testing followed, and by 1990 the plaintiffs had engaged counsel to advise them about possible claims for environmental damage to their property. In April, 1991, the plaintiffs filed a claim with their homeowners insurer for "gas polluted land."[2] In July, 1992, the plaintiffs retained the defendant to represent them in claims against the neighboring owner whose property was the source of the contamination. During the course of his engagement which ended in June, 1994, the defendant did not file a complaint on the plaintiffs' behalf. Represented by new counsel, the plaintiffs filed their complaint, in tort, in September, 1994. As noted in the introduction, the tort action was dismissed on statute of limitations grounds; the plaintiffs then filed their malpractice action against the defendant; following which this court reversed the judgment dismissing the original tort action.

The judgment dismissing the tort action entered on a motion for summary judgment. On appeal from that judgment, we concluded that summary judgment was improper because the issue of when the plaintiffs knew or should have known of their injury (for purposes of calculating the statute of limitations) presented a genuine issue of material fact.[3] Following our remand to the trial court, the tort action proceeded to trial, but

---

[2]The insurer denied coverage under a pollution exclusion clause.

[3]The central question determining the timeliness of the plaintiffs' complaint in the tort action was when the plaintiffs discovered their injury. The neighboring owner contended that the plaintiffs should be charged with discovery,

the parties entered into a settlement agreement before the jury reached a verdict.

B. *Discussion.* The motion judge in the present malpractice action rested his order of dismissal on the ground that this court had determined in the prior tort action that the plaintiffs' complaint in the tort action had been timely filed. Our decision did less than that: we decided only that the record raised disputed material facts about whether the action had been timely filed, thus precluding summary judgment on that question.

The defendant nonetheless argues that dismissal was proper because the parties to the present malpractice action do not dispute that the plaintiffs' prior tort action was timely. That argument improperly assigns binding effect to the plaintiffs' prior assertions (in their efforts to defend the timeliness of the tort action) about the date on which they discovered that their property became contaminated. But the plaintiffs' assertions regarding their discovery of harm, and, thus the timeliness of their action, do not determine that the jury in the tort action would have adopted the plaintiffs' view. See *Meyer* v. *Wagner,* 429 Mass. 410, 420 (1999). The defendant's argument also ignores the plaintiffs' central contention in their malpractice action: that, regardless of the ultimate determination of the statute of limitations question the tort action, uncertainty over the timeliness of their complaint caused them to accept a lower settlement than they could have achieved had there been no statute of limitations issue. "[A]n attorney is liable for negligently causing a client to settle a claim for an amount below what a properly represented client would have accepted." *Fishman* v. *Brooks,* 396 Mass. 643, 646 (1986).[4]

The defendant alternatively argues (for the first time on ap-

---

thereby triggering the statute of limitations, no later than April, 1991, when they filed a claim with their homeowners insurer. In the order reversing the judgment, a panel of this court concluded that the mere filing of a claim with the insurer did "not demonstrate actual knowledge by the plaintiffs of injury at the time, especially as the claim was never investigated."

[4]We likewise reject the defendant's argument that the timeliness of the plaintiffs' prior tort action is established as matter of law on the present record; as noted in *McBarron* v. *Arena, supra,* we have already held that the statute of limitations question rests on disputed facts precluding summary judgment, and we see nothing in the record in the present case to compel a contrary conclusion.

peal) that summary judgment was proper because the plaintiffs did not submit affidavits of an expert in opposition to the defendant's cross motion to establish that the defendant's negligence caused their loss. We depart from our usual reluctance to entertain arguments first raised on appeal to state that affidavits of an expert were not required in these circumstances. It did not require evidence from an expert on legal procedures to make the point that the delay in filing the plaintiffs' complaint raised a statute of limitations question that prompt filing would have eliminated or that, in turn, the looming statute of limitations question might induce the plaintiffs to settle for less than their claim, since an adverse finding by the jury on the statute of limitations question would have foreclosed any recovery on their claim.[5] Cf. *Pongonis* v. *Saab*, 396 Mass. 1005 (1985) ("expert testimony is not essential where the claimed legal malpractice is so gross or obvious that laymen can rely on their common knowledge to recognize or infer negligence").

The judgment dismissing the plaintiffs' complaint for legal malpractice is reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[5]There was no particular uncertainty that the neighboring property was the source of the contaminants that polluted the plaintiffs' property, or that the actual expenses incurred by the plaintiffs in remediation exceeded the amount for which they settled. Accordingly, the potential causal link between the statute of limitations question and the plaintiffs' discounted settlement was sufficiently indicated on the summary judgment record to raise a genuine issue of fact.