Ron Petchel[1] *vs.* Jack Collins & another.[2]

No. 01-P-477.

Plymouth. January 9, 2003. -- October 7, 2003.

Present: Perretta, Cowin, & Green, JJ.

*Hazardous Materials. Negligence,* Causation, Expert opinion. *Evidence,* Expert opinion.

In an action for damages based on allegations that the defendants had wrapped propane tanks to be loaded onto the plaintiff's moving truck, which subsequently caught fire and exploded, the judge did not err in concluding that a factual dispute existed concerning whether the defendants provided the plaintiff with inaccurate information about the contents of the packages he was having moved and whether any inaccuracies were causally connected to his damages, and, accordingly, in denying the plaintiff's motion for summary judgment. [519-520]

At a hearing on defendants' cross motion for summary judgment on the plaintiff's claim for damages due to the negligence of the defendants in wrapping propane tanks to be loaded onto the plaintiff's moving truck, which subsequently caught fire and exploded, the judge erred in ruling that expert testimony was necessary to demonstrate a causal relationship between the presence of the propane tanks on the truck and the consequences of the explosion where, based upon the common knowledge and understanding that propane gas was explosive and flammable as well as favorable inferences that could be drawn from the undisputed facts, a jury could have inferred reasonably that a causal connection existed between the presence of the propane tanks and the consequent damages to the plaintiff without the opinion of an expert; consequently, this court reversed the judgment entered in favor of the defendants on the cross motion. [520-523]

Civil action commenced in the Superior Court Department on June 24, 1997.

The case was heard by *Richard F. Connon,* J., on motions for summary judgment.

*Ron Petchel,* pro se.

[1] Doing business as McGrath Movers.

[2] Martha Collins.

*Gordon L. Sykes* for the defendants.

PERRETTA, J. While doing business as McGrath Movers, the plaintiff entered into a contract with the defendants by which he agreed to move their wrapped and packaged belongings to their new home. Three propane tanks, two of which were full, were among the goods loaded onto the plaintiff's truck. As the plaintiff was transporting the defendants' possessions to their new residence, there was an explosion in the cargo box of the truck and the truck caught on fire. He brought this action for damages based upon allegations that the defendants had wrapped explosives and dangerous goods and caused them to be loaded onto his truck. On cross motions for summary judgment, the judge ruled that the plaintiff had no expectation of proving a causal connection between the presence of the propane tanks on his truck and the consequences of the fire. He denied the plaintiff's motion and allowed that of the defendants. The plaintiff appeals, and we reverse the judgment.

1. *The facts pertinent to the appeal.*[3] According to the materials presented by the plaintiff on his motion for summary judgment, he entered into a contract with the defendants for the transportation of goods wrapped and packaged by them. Section 6 of the contract terms and conditions, all of which were accepted by the defendants during a telephone conversation with the plaintiff and which were set out on the back of a bill of lading, reads, in part: "Every party, whether principal or agent, shipping explosives or dangerous goods, without previous full written disclosure to the carrier of their nature, shall be liable for and indemnify the carrier against all loss or damage caused by such goods . . . ."

On the day of the move, the father of the defendant Jack Collins (father) supervised the plaintiff and his employees as they loaded the truck; the defendants were not present. Two gas

---

[3]No discussion is warranted on the defendants' claim that the plaintiff's appeal should be dismissed because of his failure to comply with Mass.R.A.P. 9(c)(2), as amended, 417 Mass. 1601-1602 (1994), viz., to obtain and file a transcript of the proceedings in the Superior Court. It is enough to state that because the cross motions for summary judgment were decided on the basis of the materials described in Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), transcripts would be irrelevant and unnecessary to the appeal. See *Reiter Oldsmobile, Inc.* v. *General Motors Corp.*, 6 Mass. App. Ct. 637, 640 (1978).

grills, one small and unwrapped and one large and wrapped in plastic, as well as three propane tanks, two of which were full, were among the items loaded onto the plaintiff's truck.

While transporting the defendants' belongings to their new residence, the plaintiff and his employees heard a large explosion in, and saw smoke coming from, the cargo box. The plaintiff pulled the truck off the road and seized a fire extinguisher. When he and his crew opened the side double-doors of the truck, they could see nothing but dark smoke. The men ran to the back of the truck and opened the rear doors. They saw flames about seven feet in height coming from about fifteen feet into the truck, the area in which they had placed the small unwrapped gas grill. The men fled. As they ran from the truck, they heard two more explosions. None of these facts were in dispute.

What was disputed on the cross motions was whether the plaintiff knew about and had consented to the transporting of "explosives or dangerous goods," specifically, the two full propane tanks. Although the plaintiff acknowledged that he knew about the two grills, he averred that he did not know that two full propane tanks were among the goods put on his truck. As the plaintiff stated in his affidavit, he saw only one tank. He put that tank on his truck only after arguing about it with the father, checking to make sure for himself that the tank was empty, and warning the father that he would not be responsible for it. As for the other two tanks about which the plaintiff denied knowledge and consent, the defendant John Collins stated in his affidavit that he told the plaintiff's employees that there was a tank attached to the wrapped grill and that the other tank was in plain view of the plaintiff and his crew.

2. *The judge's rulings on the motions.* In seeking summary judgment on his claim that the defendants were strictly liable for his losses, see *Hayes* v. *Ariens Co.*, 391 Mass. 407, 413-414 (1984), the plaintiff relied upon various statutes and regulations promulgated thereunder pertaining to the proper labeling, marking, and transporting of hazardous materials. The judge correctly reasoned that those statutes and the regulations promulgated thereunder provided the plaintiff with evidence of

negligence rather than a remedy.[4,5] See *Lindsey* v. *Massios*, 372 Mass. 79, 83 (1977); *Herson* v. *New Boston Garden Corp.*, 40 Mass. App. Ct. 779, 793 (1996). On the plaintiff's negligence claim, the judge concluded that a factual dispute existed concerning whether the defendants provided the plaintiff with inaccurate information about the contents of the packaged goods and whether any inaccuracies were causally connected to his damages. Accordingly, he denied the plaintiff's motion. We see no error in that ruling.

The judge next turned to the defendants' cross motion for summary judgment on the plaintiff's claim for damages due to negligence. The judge reasoned that although the plaintiff was not required to show that the defendants had caused the fire in his truck, he was required to demonstrate that a negligent act or omission on their part created an unreasonable risk of injury from fire which caused his losses. See *Campbell* v. *Romanos*,

---

[4]Petchel relied upon 720 Code Mass. Regs. § 8. As noted by the judge, that regulation was repealed in 1996 and replaced by 540 Code Mass. Regs. §§ 14.00 et seq. Section 14.03 of the regulations in effect at the time here relevant adopt and incorporate Title 49 Code of Federal Regulations, Parts 171-179, 382, 390-397. The Federal regulations pertain to the proper labeling, marking, and transporting of hazardous materials. A violation of the Federal regulations is punishable by a fine of up to $500 for each offense. See G. L. c. 85, § 2B. There is nothing, however, in the State or Federal regulations that gives rise to a private cause of action.

[5]The plaintiff also sought damages under G. L. c. 106, §§ 7-301(4) & (5). These sections pertain to bills of lading and read, in relevant part:

> "The issuer [Petchel] may by inserting in the bill the words 'shipper's weight, load and count' or other words of like purport indicate that the goods were loaded by the shipper [the Collinses]; and if such statement be true the issuer shall not be liable for damages caused by the improper loading. . . . The shipper shall be deemed to have guaranteed to the issuer the accuracy at the time of shipment of the description, marks, labels, number, kind, quantity, condition and weight, as furnished by him; and the shipper shall indemnify the issuer against damage caused by inaccuracies in such particulars."

Because of his determination on the issue of causation, the judge found it unnecessary to decide whether § 7-301(4) & (5) imposed liability on the defendants for damages directly suffered by the plaintiff or, instead, whether those sections required the defendants to indemnify the plaintiff for damages caused to third parties. See *National Union Fire Ins. Co.* v. *Allite, Inc.*, 430 Mass. 828, 832-833 (2000).

346 Mass. 361, 365-367 (1963); *Becker's Inc.* v. *Breyare*, 361 Mass. 117, 122 (1972).

On this issue the judge ruled that expert testimony was necessary to demonstrate a causal relationship between the presence of propane tanks on the truck and the consequences of the fire. Because the plaintiff failed to offer the opinion of an expert, the judge concluded that the plaintiff had failed to demonstrate that he could sustain his burden of proof on an essential element of his negligence claim.[6] See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). This determination made any factual dispute concerning whether the plaintiff knew about the tanks immaterial, and the judge allowed the defendants' motion for summary judgment.

3. *Discussion.* As can be seen from the judge's ruling on the defendants' motion, the real issue before us is whether he was correct in concluding that the plaintiff could not sustain his burden of proof at trial without an expert's opinion that the fire was a consequence of the propane tanks on the truck. In reviewing the judge's ruling, we apply the standards discussed at

---

[6]To show that the propane tanks caused the explosions and fire, the plaintiff offered affidavits setting out hearsay statements of the firemen who extinguished the blaze and who were of the opinion that the safety valves on the tanks had blown off and released flammable gases. As matter of discretion, the judge declined to consider these hearsay statements. See *Madsen* v. *Erwin*, 395 Mass. 715, 721 (1985).

To show the explosive and flammable nature of propane gas, the plaintiff presented instruction manuals for both a small and large gas grill and a label from a one-pound propane tank. Although the manuals and the label have not been included in the record before us, the judge, in his memorandum of decision, quoted the following statements from the manuals: (1) "The [propane] cylinder must be installed, transported and stored in an upright position and should not be dropped or handled roughly . . . . It is important that there are no leaking connections on your gas grill, as a fire or explosion could result"; (2) "Liquid propane gas is *HIGHLY FLAMMABLE. . .* "; (3) *"FIRE/EXPLOSION HAZARD* . . . Contains enough gas to cause serious fire, explosion, and burns." (Emphasis in original.) The judge concluded that the information set out in the manuals and label was of minimal probative value because the plaintiff failed to demonstrate that the manuals and label corresponded to the grills and tanks actually loaded onto the truck.

The emphasized portions of the manuals and label, however, pertained to propane gas in general and not to any specific grills or tanks. Moreover, it was not open to the judge in ruling on a motion for summary judgment to consider the weight of any evidence to be presented at trial. See *Parent* v. *Stone & Webster Engr. Corp.*, 408 Mass. 108, 113 (1990).

length in *Parent* v. *Stone & Webster Engr. Corp.*, 408 Mass. 108, 112-113 (1990). See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553-556 (1976).

We begin our analysis on the premise that it is a matter of such common understanding and knowledge that propane gas is an explosive and flammable substance that expert testimony on that fact, even if helpful, was not essential to the plaintiff's case.[7] See generally Liacos, Avery & Brodin, Massachusetts Evidence § 7.6.1, at 385-386 (7th ed. 1999) ("Expert testimony may be appropriate in the discretion of the trial judge, even though not necessary . . . . Findings of fact as to technical matters beyond the scope of ordinary experience are not warranted in the absence of expert testimony supporting such findings"). Moreover, the plaintiff did present instruction manuals which set out general warnings concerning the explosive and flammable nature of propane gas. See note 6, *supra.*

Although we conclude that an expert is not necessary to explain that propane gas is explosive and flammable, there remains the question whether the plaintiff needs an expert to sustain his burden of demonstrating a causal connection between the undisputed presence of explosive and flammable goods on the truck and the consequences of the fire that occurred. We briefly restate the undisputed facts pertinent to this issue. The defendants had wrapped and packaged the goods to be transported by the plaintiff; two gas grills and two full tanks of propane gas were loaded onto the plaintiff's truck; while en route to their destination, the plaintiff and his crew heard one loud explosion; upon opening the rear doors of the cargo box, they saw flames shooting up from the area in which they had loaded and placed the small unwrapped gas grill; as the men fled from the truck, they heard two more explosions.

Based upon the common knowledge and understanding that propane gas is explosive and flammable as well as the favorable inferences that can be drawn from the undisputed facts, we conclude that a jury would be able to infer reasonably that a causal connection existed between the presence of the propane

---

[7]At oral argument, the defendants did not dispute that it is a matter of common understanding and knowledge that propane gas is an explosive and flammable substance.

tanks and the consequent damages to the plaintiff without the opinion of an expert. See *Merwin* v. *De Raptellis*, 338 Mass. 118, 120 (1958) (expert unnecessary for jury to find that " 'clicking' sound indicated a movement of the [stairway] tread and that repeated applications of the weight of persons passing upon it caused it to slip out of place"); *Stimpson* v. *Wellington Serv. Corp.*, 355 Mass. 685, 690-691 (1969) (jurors could apply their knowledge and experience to fact that effect of downward movement on part of rigid pipe in street would cause an upward thrust at other end of pipe); *Commonwealth* v. *Fayerweather*, 406 Mass. 78, 83-84 (1989) (expert not required for jury "to understand the significance of the words 'she claims to hear the voice of her sister's boyfriend telling her to do things' "); *McBarron* v. *Lenahan*, 58 Mass. App. Ct. 227, 230 (2003) (expert testimony unnecessary to show prompt filing of complaint would have eliminated statute of limitations questions). Compare *Triangle Dress, Inc.* v. *Bay State Serv., Inc.*, 356 Mass. 440, 441-442 (1969) (expert testimony necessary to show cause of fire where only evidence linking defendant to fire was testimony by plaintiff that air conditioner burst into flames two hours after defendant completed repair services on it).

5. *Conclusion.* It follows from what we have said that the order denying the plaintiff's motion for summary judgment is affirmed, the judgment entered on the defendants' cross motion for summary judgment is reversed, and the matter is remanded to the Superior Court for further proceedings.

*So ordered.*