NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-641                                        Appeals Court

    RICHARD GILLIS & another[1]  vs.  TOWN OF UXBRIDGE; T.T.K. REAL
                ESTATE, LLC, third-party defendant.


                        No. 22-P-641.

        Worcester.     May 1, 2023. - August 10, 2023.

         Present:  Green, C.J., Wolohojian, & Sullivan, JJ.


Real Property, Drain, Flowage of water, Nuisance, Water.
     Nuisance.  Evidence, Expert opinion.  Witness, Expert.
     Practice, Civil, Summary judgment.



        Civil action commenced in the Superior Court Department on
September 4, 2019.

        The case was heard by Valerie A. Yarashus, J., on a motion
for summary judgment.


        Michael R. Byrne for the defendant.
        Henry J. Lane for the plaintiffs.


        GREEN, C.J.  To plaintiffs Richard and Gayle Gillis, the

problem (and its cause) seemed straightforward:  before the town

of Uxbridge (town) made improvements to the road abutting their

_____

        [1] Gayle Gillis.

property, they experienced no flooding on their property, and after those roadway improvements they experienced significant flooding on regular occasions, accompanied by resulting erosion. Claiming nuisance, they brought an action against the town. The town moved for summary judgment, and a judge of the Superior Court allowed the motion, on the ground that the plaintiffs' evidence did not include an expert opinion that the town's failure to control the flow of surface water onto the plaintiffs' property was unreasonable. We conclude that the evidence in the summary judgment record was adequate to present a genuine issue of fact; therefore, we reverse the judgment and remand for further proceedings.[2]

Background. We summarize the undisputed facts appearing in the summary judgment record. The plaintiffs purchased their home, on Richardson Street in the town, in 2016. At that time, a storm drain was in place in Richardson Street directly across from the plaintiffs' property. The plaintiffs' property is below the grade of Richardson Street. During the summer of 2018, the town made several improvements to Richardson Street, including raising the elevation of the street and removing a

---

[2] The judgment entered March 21, 2022, dismissed both the plaintiffs' complaint and the town's third-party complaint against T.T.K. Real Estate, LLC. Because we conclude that entry of summary judgment in favor of the town was not proper, we reverse the entirety of the judgment including the dismissal of the third-party complaint.

berm located at the top of the plaintiffs' driveway.  After the town made those improvements to Richardson Street, the plaintiffs' property began to flood during significant rain events (or in conditions of heavy snow melt).  On such occasions, water pooled around and over the storm drain, until it crested the camber at the center of Richardson Street and flowed down onto their driveway and into their property.  The record also includes video recordings of water pooling in their driveway and front yard following rain events.  The plaintiffs testified at their depositions that no such flooding or pooling occurred before the improvements the town made to Richardson Street in 2018.[3]

The plaintiffs filed their complaint against the town, claiming private nuisance, in 2019.  Following discovery, the town moved for summary judgment, and a judge of the Superior Court allowed the motion; this appeal followed.

Discussion.  We apply the familiar standards of summary judgment review:

> "[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in [Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002)], unmet by countervailing materials, that the party opposing the

---

[3] In answers to interrogatories, the plaintiffs identified a neighbor who could corroborate their assertion that such flooding did not occur prior to the 2018 improvements to Richardson Street.

4

motion has no reasonable expectation of proving an essential element of that party's case.  To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party's claim."

Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).  As in any motion for summary judgment, we consider the evidence in the summary judgment record in the light most favorable to the nonmoving party, drawing all reasonable inferences in their favor.  See Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467, 474-475 (2013).  In the present case, the town argues that without testimony of an expert the plaintiffs had no reasonable expectation of proving that the town had caused the flooding on which the plaintiffs' claim is based.  An independent basis, according to the town and adopted by the motion judge, is that expert testimony is required to establish that any actions by the town that cause such flooding are unreasonable.  See Triangle Ctr., Inc. v. Department of Pub. Works, 386 Mass. 858, 863-865 (1982) (Triangle Center).  We disagree that expert testimony was required in the circumstances of this case.

To sustain a claim of nuisance, the plaintiffs must show that the defendant caused "a substantial and unreasonable interference with the use and enjoyment of the [plaintiffs'] property."  Rattigan v. Wile, 445 Mass. 850, 856 (2006), quoting Doe v. New Bedford Hous. Auth., 417 Mass. 273, 288 (1994).  The

plaintiffs may meet this burden either by direct evidence or by rational inference from established facts.  See Alholm v. Wareham, 371 Mass. 621, 626 (1976).

Massachusetts law concerning the rights and obligation of riparian landowners to regulate surface water drainage changed significantly with the announcement, in Tucker v. Badoian, 376 Mass. 907, 916-917 (1978) (Kaplan, J., concurring), of the Supreme Judicial Court's intention to apply the "reasonable use" doctrine in future cases, rather than the "common enemy" rule previously in effect.  Thereafter, in Triangle Center, 386 Mass. at 863, the court made clear that it would apply the same rule to questions concerning the government's right to divert water onto private property.  "The question whether the [town's] drainage of water onto [the plaintiffs'] land is actionable is in substance no different from the question whether the [town's] use constitutes a private nuisance."  Id.  "Under the reasonable use doctrine, 'each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others, but incurs liability when his harmful interference with the flow of surface waters is unreasonable.'"  DeSanctis v. Lynn Water & Sewer Comm'n, 423 Mass. 112, 116 (1996), quoting Armstrong v. Francis Corp., 20 N.J. 320, 327 (1956).

As we have observed, viewed in the light most favorable to the plaintiffs, the evidence in the summary judgment record showed that the plaintiffs' property experienced no flooding before the town's work elevating the grade of Richardson Street and removing a berm between the street and the plaintiffs' adjacent downgradient property, and that the plaintiffs' property experienced regular and significant flooding after the town performed that work, particularly at times when a storm drain installed by the town overflowed. On the basis of that evidence, and in the absence of evidence pointing to any other cause,[4] no expert testimony is required for a lay jury to infer, without resort to speculation, that the town's work caused the flooding to occur. See, e.g., Gliottone v. Ford Motor Co., 95 Mass. App. Ct. 704, 709 (2019) (expert not required to establish malfunctioning brakes as cause of vehicle's failure to stop); Petchel v. Collins, 59 Mass. App. Ct. 517, 522-523 (2003), and cases cited (expert not required to establish causal connection

---

[4] It is, of course, possible that there are other explanations for the flooding, including unusually heavy rain events during the period in question, and absent during the prior period. But the town presented no such evidence. In the absence of any such evidence in the record, and viewing the evidence in the record in the light most favorable to the plaintiffs and drawing all reasonable inferences in their favor, the evidence is sufficient for the plaintiffs' claim to survive a motion for summary judgment.

between propane tanks in moving truck and damages to plaintiff's property from explosion).[5]

The question whether the flooding experienced by the plaintiffs constitutes a nuisance is somewhat more nuanced.  As we observed earlier, in order for a condition to constitute a nuisance, the impact on the plaintiffs' property must be "substantial and unreasonable" (citation omitted).  Rattigan, 445 Mass. at 856.  Moreover, under the reasonable use doctrine, "[i]f a landowner fails to control the flow of surface waters but on a consideration of all relevant factors his actions are reasonable, an action for nuisance will not lie."  DeSanctis, 423 Mass. at 117.

> "Reasonableness is a question of fact for the jurors whose decision is based on consideration of all the relevant circumstances including the amount of harm caused, the foreseeability of the harm which results, the purpose or motive with which the possessor acted, and all other relevant matter. . . .  The jurors also must consider whether the utility of the possessor's use of his land outweighs the gravity of the harm which results from his alteration of the flow of surface waters."

---

[5] Even in the context of medical malpractice actions, where an expert on causation generally is required, one is not needed "where a determination of causation lies within 'general human knowledge and experience'" (citation omitted).  Pitts v. Wingate at Brighton, Inc., 82 Mass. App. Ct. 285, 289 (2012) (expert not needed for jury to conclude that allowing nursing home patient to fall on floor caused bone fractures).

Id. at 116. The town contends, and the motion judge agreed, that expert testimony would be necessary to guide determination of the reasonableness of the town's actions.

"The purpose of expert testimony is to assist the trier of fact in understanding evidence or determining facts in areas where scientific, technical, or other specialized knowledge would be helpful." Commonwealth v. Pytou Heang, 458 Mass. 827, 844 (2011). Though often helpful even when not required, however, expert testimony "is not necessary in cases in which lay knowledge enables the jury to find the relevant facts." Gliottone, 95 Mass. App. Ct. at 708. See Smith v. Ariens Co., 375 Mass. 620, 625 (1978) (expert testimony of negligent design not required if "jury can find of their own lay knowledge that there exists a design defect which exposes users of a product to unreasonable risks of injury").

The evidence in the summary judgment record, unaided by explanation or enhancement through expert testimony, would allow a rational jury to find that the impacts on the plaintiffs' property are substantial and not de minimis. The regular pooling and erosion described in the plaintiffs' deposition testimony, and depicted in the video recordings, are consistent with impacts supporting a nuisance claim in such cases as, for example, von Henneberg v. Generazio, 403 Mass. 519, 521 (1988). See id. (evidence presented that one-third of plaintiff's

property flooded during heavy rainfall, endangering plaintiff's septic system). Whether the reasonableness of the town's actions causing such impacts may be evaluated without expert guidance is a closer question.

As a threshold matter, we note that there is no indication in, for example, Triangle Center, 386 Mass. at 859-860, or von Henneberg, 403 Mass. at 521, that the evidence before the fact finders (a Land Court judge in Triangle Center and a jury in von Henneberg) included expert testimony on the reasonableness of the offending landowner's actions. We are unaware of any published appellate opinion in this jurisdiction (and the town has cited none) holding that expert testimony concerning the reasonableness of a landowner's actions causing flooding is categorically required to support a claim of nuisance due to flooding.[6] More importantly, we conclude that, in much the same way as the evidence in the summary judgment record sufficiently establishes causation by the town, the same evidence, considered in the light most favorable to the plaintiffs, drawing all reasonable inferences in their favor, and in the absence of countervailing evidence from the town, could support a rational

---

[6] We note that all of the authorities cited by the motion judge in her memorandum of decision, and by the town in its brief on appeal, for the proposition that expert testimony was required in the present case are unpublished, with all but one being decisions in other Superior Court cases. We are not bound by those decisions.

fact finder in finding that the town's actions were unreasonable. The storm drain installed by the town plainly was not performing its intended purpose on those occasions when it overflowed to a degree that caused water not only to pool but to overtop the center camber of Richardson Street and continue onto the plaintiffs' property. The removal of the berm eliminated an element which, a lay juror could readily infer, could previously have diverted water flows away from the plaintiffs' property. Cf. Trenz v. Norwell, 68 Mass. App. Ct. 271, 275-277 (2007) (reasonableness inquiry required judge to make explicit findings on plaintiff's largely uncontradicted evidence, supported by testimony from former landowner and photographs, that flow of storm water onto property from town's culverts significantly increased and caused damage after neighbor installed drainage pipes and allowed berms to fail). While we recognize that roadway drainage engineering raises potentially complex questions, and it is possible that an alternative design would have been either impossible or impracticable for the town to install, the town has submitted no evidence on the present summary judgment record to suggest that that is the case here, and at this stage it is not the plaintiffs' burden to negate that possibility. Instead the burden is on the town to establish, by undisputed facts, that the plaintiffs have no

reasonable prospect of establishing an essential element of their case.  See <u>Kourouvacilis</u>, 410 Mass. at 716.

We conclude that the summary judgment record was sufficient to present a triable claim of nuisance.  We reverse the judgment entered March 21, 2022, and remand the case for further proceedings consistent with this opinion.

<u>So ordered</u>.